# SUPREME COURT.

MATTHEW RYAN, respondent agt. JAMES DOYLE, appellant.

A justice of the peace has *no jurisdiction* of an action for the *conversion of personal property*, where the damages claimed in the complaint exceed $200.

Therefore, where the plaintiff in such action, in the supreme court, claims damages in his complaint for $500, and recovers on the trial less than $50, the plaintiff is entitled to costs. For by section 304 of the Code, a plaintiff is entitled to costs, whatever may be the amount of the recovery, " in actions in which a court of justice of the peace has no jurisdiction."

*Fourth Judicial Department, General Term, September,* 1870.

*Present,* MULLIN, P. J. JOHNSON, *and* TALCOTT, *Justices.*

APPEAL from order of special term, awarding costs of action to plaintiff.

POMEROY & SOUTHWORTH, *for appellant.*

C. W. WHITE, *for respondent.*

*By the court,* JOHNSON, J.—We are of the opinion, the special term was correct.

The plaintiff recovered less than $50 damages. In his complaint, the plaintiff complained against the defendant for taking and converting a number of cattle, and various quantities of hay, grain, &c., to the value of $500, and in his complaint, claimed damages to the amount of $500.

The defendant claimed the same property by virtue of a chattel mortgage. The referee found the value of the whole property in controversy to be $300, and also found that the plaintiff had brought his action to recover the value of the whole and litigated his claim in good faith. The

referee held that the defendant was entitled to all the property in controversy, except a certain number of calves, for the value of which, $40 47, he held the plaintiff was entitled to recover.

By the Code, scetion 304, a plaintiff is entitled to costs whatever may be the amount of the recovery, " in actions in which a court of justice of the peace has no jurisdiction." By section 53 of the Code, a justice of the peace has civil jurisdiction in actions for damages for injury to rights pertaining to the person or to personal or real property, if the damages claimed do not exceed two hundred dollars. (Sub., 2.)

In this case, the damages claimed were $500, and the actual value of the property in controversy was over $300. If the damages claimed in the complaint before a justice, exceeds $200, he has no jurisdiction to try the cause, but must dismiss it. (Bellinger agt. Ford, 14 Barb., 250; Rockwell agt. Perine, 5 Id., 573; Yager agt. Hannah, 6 Hill, 631; Bouditch agt. Salisbury, 9 John., 366.) These cases show that it is the amount claimed in the complaint which controls, on the question of jurisdiction, and such is the language of the Code. Had the action been brought in a justice's court, and no more than the actual value thereof claimed, the justice would have had no right to try the action. It is not necessary to go into a justice's court and be there dismissed as a necessary preliminary to suing in a court of record, and recovering costs in case the damages recovered fall below $50, in such cases. (Stilwell agt. Staples, 3 Abb., 365; 5 Duer, 691.)

The order of the special term was right, and must be affirmed.