ANNE LAVALLE, Respondent, *v.* PATRICK SKELLY, Appellant.

An amendment of a notice of appeal from an order denying a motion for a new trial, so as to make it also a notice of appeal from a judgment, may not be granted after the time for appealing from the judgment has expired, as the effect of the amendment is to allow an appeal from the judgment, which the court has no power to do. (Code of Civil Proc., §§ 783, 784.)

Neither the provision of the Code of Civil Procedure (§ 1303) authorizing omissions to be supplied, or amendments to be made to perfect an appeal; nor the provision (§ 724) allowing the court " to supply an omission in any proceedings," or to " permit an amendment thereof," apply to the case of such an amendment.

*Mott* v. *Lansing* (5 Lans. 516), *Bouton* v. *Bouton* (40 How. Pr. 217), *S. C.* (42 id. 11), distinguished.

(Submitted November 28, 1882; decided December 15, 1882.)

APPEAL from an order of the General Term of the Supreme Court, in the first judicial department, made May 4, 1882, which amended a notice of appeal.

The action was tried in February, 1879, and the complaint was dismissed; at the same time a motion was made for a new trial which was denied. On March 21, 1879, judgment was entered. On April 8, 1879, plaintiff's attorney served notice of appeal from the order denying the motion for a new trial. On April 26, 1879, a copy of the judgment with written notice of the entry thereof was served upon said attorney. The order in question amended said notice of appeal by adding thereto these words: "and from the judgment entered against the plaintiff in this action."

*Albert Mathews* for appellant. Neither the "court or a judge" can extend the time fixed by law within which "to take an appeal." Neither "a court or judge" can "allow" this act "to be done after the expiration of the time fixed by law." (Code of Civil Procedure, §§ 783, 784.) The court cannot (by amending the "notice" so as to include a judgment not mentioned or embraced in the original notice) authorize a new appeal to be now taken from a judgment from which there has been no attempt whatever to appeal, after the time fixed by law to appeal from it has expired. (Code of Procedure, § 327; Code of Civil Procedure, §§ 784, 1303; *Fry* v. *Bennett*, 16 How. 383; *Bryant* v. *Bryant*, 7 Rob. 51; *Whitney* v. *Leeds*, 27 How. Pr. 378; *Cotes* v. *Carroll*, 28 id. 436; *Piper* v. *Van Buren*, 15 W'kly Dig. 213; *Lavalle* v. *Skelly*, 24 Hun, 642; *Wait* v. *Van Allen*, 22 N. Y. 319; *Salles* v. *Butler*, 27 id. 638.)

*Edward F. Bullard* for respondent. The court had full power to amend the notice of appeal. (Code, § 724.) The granting of such amendment rested in the discretion of the court, and is not reviewable in the Court of Appeals. (*Livermore* v. *Bainbridge*, 56 N. Y. 72; 9 W'kly Dig. 256; *Mott* v. *Lansing*, 5 Lans. 516; 57 N. Y. 112; 40 How. 216; 42 id. 11.)

*Per Curiam.* The order appealed from authorized an amendment of the notice of appeal by adding the words " and from the judgment entered against the plaintiff in this action." The effect of such amendment is to allow an appeal from the judgment as well as the order denying a new trial, which was originally taken by the notice of appeal. Such an amendment, we think, is not authorized by any of the provisions of the Code or any of the decisions of the courts. By the Code, an appeal from a judgment to the General Term must be taken within thirty days after service upon the appellants of a copy of the judgment appealed from, and a written notice of the entry thereof. (Code of Civil Procedure, § 1351.) The notice in this case, with a copy of the judgment, were served a few days after the appeal was taken, and it is not apparent upon what ground the amendment can be made so as to make the notice effective for the purpose of taking an appeal from the judgment. The time fixed by law within which to take an appeal cannot be extended. (Code of Civil Procedure, §§ 783 and 784.) Nor is there any provision of the Code which authorizes an amendment in such a case. Section 1303 of the Code of Civil Procedure has no application to cases of this character. Nor are we able to perceive upon what ground an amendment to the notice could be granted, the effect of which would be to disregard these provisions. The provisions of section 724 of the Code which authorize the court " to supply an omission in any proceeding " or to " permit an amendment thereof to conform to the provision of this act," do not embrace an amendment to the notice of appeal so as to make it effective in allowing an appeal which has not actually been taken. Such an amendment does not rest in the discretion of the court, but is of a vital character which strikes at the very foundation of the proceeding. The case of *Mott* v. *Lansing* (5 Lans. 516), which was affirmed in this court, is not in point. There the amendment allowed the plaintiff to insert in the notice a stipulation that final judgment might be entered against the plaintiff as required by subdivision 2, section 11, of the old Code. This does not extend the time for serving the

notice of appeal, but merely conforms the notice to the existing provisions of law and bears no analogy to the case at bar.

The case of *Bouton* v. *Bouton* (40 How. Pr. 216; 42 id. 11), relates to the practice of the Supreme Court on a motion to set aside the judgment of a referee, and it in no way involves the question which is presented upon this appeal.

We are not called upon to consider whether, under the Code of Civil Procedure, the decision of the court below can be reviewed upon an appeal from the order. It is sufficient that no authority exists for allowing such an amendment.

The order should be reversed and the motion denied, with costs.

All concur, except Tracy, J., absent.

Ordered accordingly.