JOHN HASTINGS, Respondent, *v.* THE NEW YORK, ONTARIO, AND WESTERN R. R. Co., Appellant.

*Supreme Court, Fourth Department, General Term, July* 20, 1889.

1. *Appeal.*—A defense cannot be interposed for the first time upon the hearing of an appeal.
2. *Carriers. Drover's pass.*—Without an express agreement otherwise, the condition of a drover's pass refer only to risks and injuries during transportation.

3. *Appeal.*—A party cannot complain of the submission to the jury of a question of fact, which presents the case in an aspect sufficiently favorable to himself.

Appeal from a judgment of the County Court, entered upon a verdict for the plaintiff.

The action was commenced in justice's court. The plaintiff claimed that the defendant, through its station agent at Delhi, agreed to furnish to plaintiff, at that station, on the morning of Tuesday, August 10, 1886, two stock freight cars for the use of the plaintiff for the purpose of shipping a quantity of hogs and transporting them over defendant's road to New York; that plaintiff, relying on the agreement, caused his stock to be brought to the station on that morning, but that the cars were not furnished, and plaintiff was obliged to store his stock in unsuitable places during that day, by reason of which the plaintiff, through injury to his stock and extra expenses, was damaged to the extent of $100.

The defendant put in a general denial. The plaintiff recovered before the justice, and the defendant appealed to the county court for new trial.

It appears from the evidence that one car was furnished Tuesday evening and the other Wednesday morning, and that the train, with these cars and plaintiff's stock, left Delhi at 10:40 A. M. Wednesday, reaching New York about two A. M. the following morning. In the orginal bargain it was not contemplated that plaintiff's stock would start on Tuesday, but the plaintiff claimed the cars were to be furnished to enable the plaintiff to properly store his stock ready for shipment on Wednesday.

*John B. Gleason,* for appellant.

*W. H. Johnson,* for respondent.

MERWIN, J.—Upon the points submitted by the appellant,

four propositions are presented : 1. That the court should have directed a verdict for the defendant upon the ground that no contract for the use of the cars upon Tuesday was proven.    2. That the court should have taken the case from the jury upon the ground that the contract, as claimed. by plaintiff, was a contract for a misdemeanor under section 663 of the Penal Code. 3. That under the drover's pass received by the plaintiff, the plaintiff waived any claim against the defendant.    4. That the court erred in submitting to the jury, as a question of fact, whether or not the stock cars of the defendant were all in use on the day in question.

*First.*    Upon the evidence it was a question of fact whether there was a contract for the use of the cars on Tuesday.    The jury in effect found that there was, and there was evidence sufficient to sustain such finding.    In this finding, there was involved the authority of the station agent at Delhi to make such a contract in behalf of the defendant.    The course of business at that point, presumptively to the knowledge of the defendant, had been such that parties dealing there had a right to believe that the agent had, in fact, the authority that he assumed to have. The evidence authorized the inference that the agent had authority.    The plaintiff acted upon the agreement, caused his stock to be brought there upon that day, when but for the agreement he would not have done so.

*Second.*    At the trial no point was made under section 663 of the Penal Code.    In the answer there is no defense set up based on the illegality of the contract.    The answer contains only a general denial.    At the close of the plaintiff's evidence, the defendant moved for a nonsuit upon the ground, among others, that the contract was void as calling for the performance of an act prohibited by law, to wit, the continuous confinement of the stock for a period of more than twenty-eight hours without unloading.    This evidently referred to the provisions of chapter 560 of the

Laws of 1866.  For at the close of the evidence the point is again taken specifying that act.  The ground then stated was that the alleged contract was for an act prohibited by chapter 560 of the Laws of 1866, and was for contract which the company itself could not enter into nor the agent enter into for it.  The law was in fact not in force at the time of the transaction between these parties, it having been repealed by chapter 593 of Laws 1886, taking effect June 5, 1886, but section 663 of the Penal Code was in force.

Still all parties seem to have supposed at the trial that the law of 1866 was in force and the only law applicable, and in that view the court charged the jury in substance that if the contract for the storing of the hogs in the car was simply for safe keeping until they could be shipped the next day, instead of storing them in some stock-yard or pen, and the storing in this manner was for the mutual accommodation of the shipper and of the company and in the customary way in which this class of property, brought there for shipment, was usually kept and was to be cared for in these cars until the time of shipment arrived the next day, then it would not be a violation of the statute.  In this form of presenting the question to the jury, the defendant would have had no cause of complaint under the act of 1866.  By section 1 of that act it was provided that, "no railroad company in this state, in the carrying and transportation of cattle, sheep or swine, shall confine the same in cars for a longer period than twenty-eight consecutive hours, unless delayed by storms or other accidental causes, without unloading for rest, water and feeding for a period of at least ten consecutive hours."

Whether the storage referred to in the contract was a part of the " carrying and transportation " referred to in the act was upon the evidence in the case properly left to the jury.

Section 663 of the Penal Code is broader in its application. It includes confinement for twenty-four hours, " in the

course of, or for transportation." An objection based on this section would have raised a different question.

Not having been raised at the trial or set up in the answer, the defendant should not have the benefit of it here. It in effect asks this court to take cognizance of a defense interposed for the first time upon the hearing of the appeal. This should not be done and was so held in Cummings *v.* Barkalow (4 Keyes, 514), in regard to a similar defense.

*Third.* The train having the plaintiff's stock started on Wednesday and the plaintiff received a drover's pass. This upon its back had printed conditions to the effect that the party who accepted and used it assumed all risk of accidents and expressly agreed, " that this company shall not be liable under any circumstances, whether through the negligence of its servants or otherwise, for any personal injury, or loss or damage to property, or any delay he may sustain during transportation."

The court charged the jury that if they found that the liability or damage accrued prior to the time that the stock left the depot at Delhi, and before the pass was delivered to the plaintiff, there would be no waiver, and declined to hold that the acceptance was a waiver and bar to the action. In so holding, the court did not err. The conditions of the pass, if effective, would, in the absence of any express arrangement, reasonably refer only to risks and injuries during transportation. In the agreement about furnishing cars, nothing was said about a pass.

*Fourth.* The defendant excepted to that portion of the charge wherein the court submitted to the jury, as a question of fact, whether or not the goods were not shipped for the reason that all the cars were in use. That was hardly the form of the submission. It was, whether or not on account of an accumulation of freight or press of business all the cars belonging to the company of this class were in use, and it was impossible for them to furnish a car on the day in question; and whether or not the company was prevented

from shipping this stock by any unavoidable delay and unavoidable use of the cars. These features of the case were apparently put forward by the defendant by way of defense for the non-performance of its agreement. In this aspect, the charge was sufficiently favorable to the defendant.

No question is made as to the amount of damages.

The judgment should be affirmed.

HARDIN, P. J. and MARTIN, J. concur.