GEORGE W. CROUCH, Jr., Respondent, v. LEO MOLL, Appellant.

*Supreme Court, Fifth Department, General Term, December 30, 1889.*

1. *Mechanic's lien. Foreclosure.*—Where it appears, in an action to foreclose a mechanic's lien, that the plaintiff's lien has been cut off by the foreclosure of a prior lien, the court may give a common law judgment, if the facts warrant it.
2. *Appeal. Exceptions.*—Exceptions to the findings as made are unavailable, where it appears that they are sustained by some of the evidence in the case.
3. *Same. Intermediate order.*—It is incumbent upon a party, who appeals from a judgment and desires to review any intermediate order not theretofore appealed from, to state in his notice of appeal that he intends to bring up for review such order, and distinctly specify it.

Appeal from a judgment entered in Monroe county upon the decision of the special term in equity.

*Fanning & Williams,* for respondent.

*H. L. Bennett,* for appellant.

MACOMBER, J.—This action was brought to foreclose a lien of the plaintiff, as the material man, who had furnished lumber and shingles to the defendant, for the construction of a house, between May 27, 1884, and July 24, 1884. Within thirty days after a notice of lien in behalf of the plaintiff was duly filed in the proper clerk's office for the amount of such lumber and materials so furnished by the plaintiff.

It is urged upon our attention by the learned counsel for the appellant that the agreement by which the plaintiff furnished the materials above mentioned was not made with the defendant, but with one Frank Moll, his brother, under an

arrangement by which the plaintiff was to look solely to
Frank for payment. We have examined the evidence upon
this subject in detail, and are of the opinion that this con-
tention on the part of the counsel is not sustained by it.
There were dealings between the plaintiff and Frank Moll
and the defendant relating to the delivery of the necessary
lumber and materials for the erection of the house in ques-
tion. But there was no arrangement by which the plaintiff
was to look solely to Frank for payment. The defendant
has received credit upon account for lumber furnished by
Frank which went into the house, together with two cows
of the value of sixty dollars.

The computation made by the trial judge by which he
arrives at the balance unpaid at the time of the beginning
of the action appears to have taken into the account all of
the credits to which the defendant was entitled. Not one
of the learned judge's conclusions of fact is unsupported by
evidence. The defendant's counsel made no requests to
find, and consequently is not in a position to claim that the
court should have found differently upon the disputed
questions, and, hence, is not in a position to review the
findings as being against the weight of the evidence.

Exceptions to the findings as made are unavailable, where
it appears that they are sustained by some of the evidence in
the case. Hugg *v.* Shank, 23 N. Y. State Rep. 312 ; S.
C., 17 Civ. Pro. 128.

The several exceptions to the admission or rejection of evi-
dence, during the trial, have been considered by us, but there
does not appear to be disclosed in any of them any errors
which would disturb the judgment.

Though this action was brought for the purpose of fore-
closing a mechanic's lien, yet circumstances have arisen after
the beginning of it which rendered it impossible or unavailing
to take the judgment prayed for in the complaint ; for a
mortgage held by Joseph Moll, another brother of the defend-
ant, was foreclosed in the meantime in the county court of

Monroe county, which was a lien superior to the lien created by the filing of the notice, and the premises sold under a judgment thereon. This rendered a judgment charging the land with the payment of a judgment futile. The lien in this case was filed under chap. 486 of the Laws of 1880. By the seventh section thereof the court may render a personal judgment against or in favor of any party to the action in addition to the foreclosure of the lien upon the land. When, therefore, it appears that the plaintiff had been deprived of a lien by reason of the sale of the property in foreclosure on a prior lien the court is not ousted thereby of jurisdiction of the case, but may proceed as the circumstances warrant, and give a common law judgment.

A large portion of the brief of the appellant's counsel is taken up with the discussion of the proposition that it was error for the court to refuse to postpone the trial of the action on account of the absence, in California, of the defendant, and that for this reason, also, the judgment should be reversed.

The plaintiff duly noticed the cause for trial at the December term, and before it was reached the motion to postpone, for the reason stated above, was made upon defendant's behalf, and the same was opposed by plaintiff's counsel, who read an affidavit in the case used upon a former occasion. It appears this was the third motion made in behalf of the defendant for further time. There was no abuse of the discretion on the part of the special term in denying the motion and in putting the case down for trial at a later day in the term.

But even if the defendant had made out a stronger case for postponement we should be unable, on the record before us, to afford him the relief sought, for the reason that there is nothing before us to enable us to review this order of the trial court. The notice of appeal is solely from the judgment, and not from any intermediate order made before the trial was begun, nor is there any expression of intention in the notice of appeal to bring up for review such intermediate

order. Even as the practice stood before the enactment of § 1301 of the Code of Civil Procedure, where it was sought to reverse the judgment upon the ground that the court, at a trial without a jury, had erroneously refused to postpone the case, such refusal must have been made the ground of such appeal. Martin *v.* Hicks, 6 Hun, 74. It could not properly be raised in the brief or argument on appeal for the first time. Subsequently to that decision § 1301 of the Code of Civil Procedure was enacted, which is new, at least in form, and makes it incumbent upon a party who appeals from a judgment and desires to review any intermediate order not theretofore appealed from to say in his notice of appeal that he intends to bring up for review such intermediate order, " and distinctly specify * * * the intermediate order to be reviewed."

The judgment should be affirmed, with costs.

BARKER, P. J., and DWIGHT, J., concur.

---

NOTE.

Section 1316. An appeal, taken from a final judgment, brings up for review an interlocutory judgment or an intermediate order, which is specified in the notice of appeal, and necessarily affects the final judgment; and which has not already been reviewed, upon a separate appeal therefrom, by the court or the term of the court, to which the appeal from the final judgment is taken. The right to review an interlocutory judgment, or an intermediate order, as prescribed in this section, is not affected by the expiration of the time, within which a separate appeal therefrom might have been taken.

Section 1301. Where the appeal is from a final judgment, or from a final order on a special proceeding, and the appellant intends to bring up, for review thereupon, an interlocutory judgment, or an intermediate order, he must, in the notice of appeal, distinctly specify the interlocutory judgment, or intermediate order, to be reviewed.

Though Section 1301 is new in form, its substance was implied in the language of section 330 of the former Code. Brumfield *v.* Hill, 28 N. Y. St. Rep. 362.

Section 1316 of the Code does not authorize the review of an intermediate

order on an appeal from an interlocutory judgment. McCall v. Moschcowitz, 10 Civ. Pro. 107.

An order, allowing a receiver to be made a defendant and put in an answer, is an intermediate order affecting the final judgment, and is appealable within the provisions of section 1316 of the Code. Honegger v. Wettstein, 94 N. Y. 252; 13 Abb. N. C. 399.

Where exceptions are ordered to be heard at first instance at general term, and upon argument there an order is made denying a motion for a new trial, overruling the exceptions and directing judgment on the verdict, such order is not an intermediate order, within the meaning of the code, and no appeal from it will lie to the Court of Appeals. But after the entry of judgment, an appeal from such judgment brings up for review the exceptions taken by defendant upon the trial. Becker v. Koch, 104 N. Y. 394.

An order denying a motion to send back a commission for fuller execution, does not necessarily affect the final judgment, and is not an intermediate order, within the meaning of section 1316 of the Code, from which an appeal can be taken by specifying it in the notice of appeal from the final judgment. Pratt v. Moseeter, 9 Civ. Pro. 351.

Nor does an order referring the issues in an equity case for hearing and determination necessarily affect the final judgment within the meaning of such section. McCall v. Moschcowitz, 10 Civ. Pro. 107.

An order allowing the defendant to amend his answer is an intermediate order, and must be specified in the notice of appeal, in order to be presented to the general term for review. Wallace v. O'Gorman, 53 Hun, 638.

An appeal from a judgment does not bring up for review an order allowing an amendment of the answer upon terms; but if it can come up in this manner, it should be specified in the notice of appeal. Ferguson v. McDonough, 18 W. Dig. 128.

There are two modes for reviewing an intermediate order provided by the Code, one, by direct appeal therefrom, the other, on an appeal from the final judgment, with a specification in the notice of appeal of an intention to bring up the order for review. Dick v. Livingston, 41 Hun, 455. This, however, permits but one examination of the merits by the general term, as an examination of section 1316 of the Code will show. Id.

Where there is a notice of appeal from an intermediate order, independent from any appeal from the judgment, undoubtedly the notice of appeal should be a written notice to the effect that the appellant appeals from the order, or from a part thereof, in accordance with the provisions of section 1301 of the Code; and where the appeal is from the final judgment and also from the intermediate order, like language may be appropriately inserted in the notice of appeal in respect to the order sought to be reviewed. Brumfield v. Hill, 28 N. Y. St. Rep. 362. In this case, the court held that where the objection was raised for the first time on the hearing of the appeal, the following language, " The appellants intend to bring up for review upon such appeal said judgment and order denying motion for a new trial on the minutes," are sufficient to present the order for consideration.

The power of amendment, under section 1303 of the Code, does not extend to the insertion, in the notice of appeal, of a specification of an intermediate order. Patterson *v.* McCunn, 38 Hun, 531; the granting of such an amendment, is, in effect, enlarging the time to appeal from the intermediate order, which the courts have no power to do. Id.; Lavalle *v.* Skelly, 90 N. Y. 546; Clapp *v.* Hawley, 97 Id. 610; Piper *v.* Van Buren, 27 Hun, 384; Dick *v.* Livingstone, 41 Id. 455. The provisions of the Code, contained in sections 1301 and 1316, make it a condition precedent in order to review an intermediate order, that the notice of appeal from the final judgment distinctly specify such intermediate order, and such specification is essentially a condition precedent to the right to exercise a second opportunity to appeal from the order. Patterson *v.* McCunn, *ante;* Piper *v.* Van Buren, *ante.*

Unless on a separate appeal from the order itself, intermediate orders granted in the cause at various stages of its progress, are only reviewable upon an appeal from a final judgment. Averill *v.* Barber, 53 Hun, 636.

Where a party omits to appeal within the proper time from an intermediate order, he can secure all his rights by an appeal from the final judgment, if he conforms the notice of appeal to the provisions of sections 1301 and 1316 of the Code. Patterson *v.* McCunn, 38 Hun, 531.

An appeal to the general term cannot be taken, under section 1316 of the Code, from a final judgment so as to bring up for review an intermediate order which has already been reviewed by the general term upon a separate appeal. Abbott *v.* N. Y., L. E. & W. R. R. Co., 8 N. Y. St. Rep. 905.

Where a motion for a new trial is made before judgment, as required by section 1003 of the Code, no separate appeal can be maintained from the order, Code, section 1347, subd. 2, but the defendant, in his notice of appeal from the final judgment, must specify the intermediate order he wished to review. Chapin *v.* Thompson, 23 Hun, 12.

Where it does not appear that the order denying a new trial made upon the minutes of the judge has already been reviewed upon a separate appeal therefrom, and the notice of appeal specifies the order, and the appeal book contains it, the general term must review such order. Brumfield *v.* Hill, 28 N. Y. St. Rep. 362; Moorehead *v.* Holden, 7 Civ. Pro. 190; Maas *v.* Ellis, 12 Id. 323; Piper *v.* Van Buren, 27 Hun, 384; Stowell *v.* Am. Co-op. R. Ass'n, 52 Hun, 613.

An intermediate order, which has been separately appealed from, and affirmed by default, cannot be reviewed from the final judgment. Wiener *v.* Morange, 7 Daly, 446.

See further, Richards *v.* Brice, 15 Daly, 144; People *v.* Schad, 58 Hun, 571; Crouch *v.* Moll, 55 Id. 603; Ulster Co. S. Inst. *v.* F. N. Bk., 54 Id. 638; Whitman *v.* Foley, 61 Hun, 623; Beyrich *v.* Liebler, 50 Id. 606; Purton *v.* Watson, 19 N. Y. St. Rep. 6.