JOHNSON *et al.* v. GOLDER *et al.*

(*City Court of Brooklyn, General Term.* May 5, 1890.)

MORTGAGES—REDEMPTION—PARTIES.

A mortgagee who has sold the mortgaged premises at foreclosure sale is not a proper party to an action to redeem, and is not made such by an allegation in the complaint that she is interfering with the rents, in the absence of any alleged claim of right to do so as owner or mortgagee in possession. CLEMENT, C. J., dissenting.

Appeal from special term.

Action by James M. Johnson and A. J. Piddian against Emily Golder, H. W. Bates, Louise E. Bates, S. F. Cowdrey, and others.    Plaintiffs appeal from an order sustaining the demurrer of Emily Golder.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Ira Leo Bamberger*, for appellants.     *S. F. & F. H. Cowdrey*, for respondent Emily Golder.

VAN WYCK, J.   This is an action brought by present owners of the equity of redemption to redeem mortgaged premises upon payment of whatever may be found due, after applying thereto all rents received by the mortgagee in possession, upon a certain mortgage made by one Pontan, a prior owner. This mortgage was a subsisting lien upon the premises at the time plaintiff Johnson became the owner thereof.   Plaintiff Piddian is the assignee of Johnson of an undivided three-fourths interest of this cause of action.   Defendant Emily Golder, respondent, demurred to the complaint on two grounds, viz.: (1) That two causes of action are improperly united; (2) that complaint does not state facts sufficient to constitute a cause of action against her.   Special term sustained the same on the second ground, and judgment was thereupon entered dismissing the complaint as to Emily Golder, with costs.   From this plaintiffs have appealed.

The complaint, when stripped of the details incident to an equity pleading, shows that Johnson became the owner in fee-simple of the premises, subject to this Pontan mortgage.   While he was such owner, defendant H. W. Bates, the assignee of that mortgage, foreclosed the same in the supreme court, but failed to make Johnson (the owner of the equity of redemption) a party to that action.   At the foreclosure sale, defendant Louise E. Bates was the purchaser and grantee thereof.   Thereafter Louise E. Bates mortgaged the same premises to Golder.   Thereafter Golder foreclosed her mortgage in the supreme court, and at the sale defendant Cowdrey became the purchaser and grantee thereof.   This last foreclosure and sale certainly divested Golder of all interest, of whatever kind, which she ever had, or might have had, or could have claimed in, to, or upon the premises by virtue of the mortgage made to her by Louise E. Bates.   She then parted absolutely and irrevocably with her only claim to the mortgage or premises.   Assuming that Cowdrey is a mortgagee in possession by the devolution upon him of the original rights of H. W. Bates in the Pontan mortgage through the foregoing chain of circumstances, and that he consented to the redemption by Johnson of the premises from the Pontan mortgage upon the payment of the sum ascertained to be actually due, would it affect any right of Golder, or could she, with the least semblance of right, object to it?   No; for she has parted with every shadow of interest, and Cowdrey has become possessed of every claim she ever had.   Suppose Cowdrey should by mutual agreement convey to plaintiffs all his right, title, and interest in these premises; would it in any way affect, injure, or benefit Golder?   No judgment can be granted in this action, in respect to these premises, which will affect in the least degree defendant Golder, for she has absolutely no interest in the premises.   But, say the plaintiffs, if the foregoing facts do not constitute a cause of action against Golder, then the allegation in the nineteenth subdivision of the complaint will do so.   The allegation "that defendants H. W. Bates, Louise E. Bates, Emily Golder, and S. F. Cowdrey have and are collecting the rents" does not help the plaintiffs in their contention; for it has, according to the allegations of the complaint, no connection, so far as Golder is concerned, with an action to redeem mortgaged premises.   Plaintiffs do not allege that Golder ever had possession, or the right of possession, or ever claimed any right of possession, or ever was, or ever claimed to be, a mortgagee in possession.   Under such circumstances, either a trespass upon the premises, or an interference with the rents by Golder without any alleged right or claim of right to do so as an owner, or as a mortgagee in possession, does not make her a proper party to an action to redeem mortgaged premises.   For either of such wrongs there is a remedy in an action against her by the party injured, if the facts to sustain a cause of action for either of such wrongs are pleaded, but no such cause of action is

set forth in the complaint herein. "There is no rule in equity or law which authorizes the bringing in of parties who have no inherent right to defend the action brought." *Spring* v. *Short*, 90 N. Y. 546. Judgment affirmed, with costs.

CLEMENT, C. J., dissents.