AMERICAN WOOLEN COMPANY OF NEW YORK, Respondent,
*v.* ABRAHAM J. SAMUELSOHN et al., Appellants.

Sale — rescission of contract of sale and retaking of goods
after bankruptcy of purchaser — election of remedies — action
to recover from purchaser, discharged in bankruptcy, purchase
price of goods not taken — Statute of Limitations — when
bankruptcy proceeding does not stop running of statute.

1. An action to rescind a contract of sale on the ground of fraud
and to recover goods alleged to have been sold in reliance upon
fraudulent representations, with full knowledge of all the facts,
constitutes an election of remedies and is inconsistent with an action
on the contract.

2. Neither the assignee nor the trustee in bankruptcy has power to
represent the bankrupt except for the purpose of the Bankruptcy Act.
Neither his duty nor power includes authority to promise that the
bankrupt will pay the residue of the debt, and a payment by him on
account of a claim against the bankrupt is not such an acknowledg-
ment of the debt as will stop the running of the Statute of Limitations.

3. The present Bankruptcy Act does not contain a provision
restraining a creditor from pursuing his claim against a bankrupt
debtor until the question of his discharge has been determined, and
hence the commencement of the bankruptcy proceeding does not
stop or toll the running of the Statute of Limitations, nor is the
running of the statute affected by the allowance of the claim in the
bankruptcy proceeding.

4. Where a seller of merchandise, on four months' credit, elects to
rescind each and every sale made to the purchasers and, in a bank-
ruptcy proceeding, sustains its claim that title did not pass and
regains possession of part of the merchandise, it cannot, in an action
brought more than six years after the date of the last sale, recover
the purchase price of goods not retaken which were purchased within
six years and four months prior to the commencement of such action.
It cannot recover upon the express contract of sale which it has
rescinded, and rescission of the contract included a rescission of the
terms of credit which were a part thereof. The action, therefore, is
barred by the Statute of Limitations. The payment of dividends on
plaintiff's claim by the trustee in bankruptcy is not in effect an
acknowledgment of the debt by the defendants and a promise to pay
it, nor did the institution of the bankruptcy proceedings stop or toll

the running of the Statute of Limitations, nor was the allowance of plaintiff's claim by the trustee in bankruptcy an adjudication binding upon the defendants as parties in the bankruptcy proceeding.

*American Woolen Co.* v. *Samuelsohn,* 176 App. Div. 946, reversed.

(Argued February 7, 1919; decided March 18, 1919.)

APPEAL from a judgment, entered January 19, 1917, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, overruling defendant's exceptions, ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial and directing judgment in favor of plaintiff upon the verdict directed by the trial court.

This action was commenced March 29, 1915. The summons was served upon the defendants Abram J. Samuelsohn and Henry Samuelsohn but not upon the other defendants. The complaint alleges " that between the 23d day of January, 1908, and the 20th day of February, 1909, the plaintiff sold and delivered to the defendants certain goods, wares and merchandise * * * of the agreed price and reasonable value of Fifteen thousand nine hundred and twenty-one dollars and eighty cents ($15,921.80) and that the defendants agreed to pay said sum therefor."

It further alleges a payment on account of $6,607.55. The defendants for a defense allege that the plaintiff with full knowledge of all the facts relating to the sale and delivery of the goods, wares and merchandise set forth in the complaint elected to rescind and did rescind said sales. The defendants also allege that the cause of action set forth in the complaint did not accrue nor did any part thereof accrue within six years next preceding the commencement of the action.

The record shows that purchases of goods and merchandise were made from time to time during the time mentioned in the complaint and that they were each made on four months' credit. The defendants were

adjudged bankrupts February 25, 1909. Thereafter the plaintiff by a proceeding commenced May 26, 1909, in the United States District Court reclaimed certain specified goods and merchandise, a part of those so purchased by the defendants of the plaintiff. The value of the goods and merchandise so reclaimed was $1,412.47.

Plaintiff in the petition in that proceeding alleged that it is the ' owner and lawfully entitled to the immediate possession of the goods and merchandise therein specifically described. It further alleged that on or about February 13, 1908, the defendants " being then desirous of purchasing goods on credit from time to time from the American. Woolen Company of New York did thereupon make a statement in writing of the financial condition of said copartnership for the purpose of inducing the said American Woolen Company of New York to sell to the said bankrupts merchandise upon credit."

It further alleged that in reliance upon said statement it " did thereafter from time to time sell to said · bankrupts cloth upon credit including the cloth sought to be recovered in this proceeding."

It further alleged that said statement was false, fraudulent and decitful in the particulars alleged and that " upon the discovery of the fraud  *  *  *  which had been practiced upon it and upon the 3d day of April, 1909, did elect to rescind the said sales made by it by reason of such fraud and did demand possession of the said chattels " from the trustee in bankruptcy. The petition was denied by the defendants but a decree was obtained by the plaintiff that the said goods described in the petition were its property, and that " title thereto never passed from the petitioners to the · bankrupt, and that the said trustee has no interest therein or title thereto."

On February 21, 1910, the plaintiff made proof in the bankruptcy proceeding of a claim against the bankrupt

of $18,108.02, "subject to reduction for any goods that
may be reclaimed, returned or stopped *in transitu*, details
of which are not known to this creditor at this time."
The amount was, by stipulation, reduced by the sum
of $773.75, and the value of the goods reclaimed, viz.,
$1,412.47, was credited thereon. The claim was there-
upon duly allowed by the trustee in bankruptcy at
$15,921.80. On March 31, 1911, dividends were paid
on the claim in the bankruptcy proceeding amounting
to $6,607.55.

On the trial of this action both parties moved for
judgment. The action was commenced more than six
years after the last alleged purchase and delivery of
goods and merchandise mentioned in the complaint, but
the court found, in substance, that goods and merchandise
of the alleged value of $4,501.29 were purchased and
received by the defendants of the plaintiff within six
years and four months (four months being the alleged
credit given on each sale) prior to the commencement
of this action and deducted therefrom all of the amount
of $773.75, which by stipulation was deducted from the
claim presented in the bankruptcy proceeding, and also
all of the $1,412.47, the value of the goods and mer-
chandise reclaimed, and directed judgment against defend-
ants for $2,315.07.

*Isaac Adler* for appellants. Plaintiff having rescinded
the sale to the defendants for fraud cannot now recover
the contract price or any other amount in an action
on the original contract. (*Reed* v. *McConnell*, 133
N. Y. 425; *Wallace* v. *O'Gorman*, 53 Hun, 638; 126 N. Y.
638; *Morris* v. *Rexford*, 18 N. Y. 552; *Wile* v. *Brownstein*,
35 Hun, 68; *Moller* v. *Tuska*, 87 N. Y. 166; *Crossman*
v. *U. R. Co.*, 127 N. Y. 34; *A. G. Hyde & Sons* v. *Lesser*,
93 App. Div. 320; *Bank* v. *Beale*, 34 N. Y. 473; *Fields*
v. *Bland*, 81 N. Y. 239; *Conrow* v. *Little*, 115 N. Y. 387;

v. *Bland,* 81 N. Y. 239; *Conrow* v. *Little,* 115 N. Y. 387; *Terry* v. *Munger,* 121 N. Y. 161; 49 Hun, 560; *Bach* v. *Tuch,* 126 N. Y. 58; *Droege* v. *Ahrens & Ott Mfg. Co.,* 163 N. Y. 466.) The allowance of plaintiff's claim in bankruptcy was not an adjudication binding upon the defendants and in any event does not establish the cause of action here sued upon. (Bankruptcy Act of 1898, § 57; *Friend* v. *Talcott,* 228 U. S. 27.) A payment by the trustee in bankruptcy does not extend the period of limitations of the statute. (*Pickett* v. *Leonard,* 34 N. Y. 175; *Shoemaker* v. *Benedict,* 11 N. Y. 176; *First Nat. Bank* v. *Ballou,* 49 N. Y. 155; *Harper* v. *Fairlie,* 53 N. Y. 445; *MacMullen* v. *Rafferty,* 89 N. Y. 456; *Adams* v. *Olin,* 140 N. Y. 150; *Crow* v. *Gleason,* 141 N. Y. 489; *Brooklyn Bank* v. *Barnaby,* 197 N. Y. 219; *Hoover* v. *Hubbard,* 202 N. Y. 289.)

*Glenn L. Buck* for respondent. If the institution of the reclamation proceedings on May 26, 1909, destroyed the original contract, the plaintiff is entitled to recover the reasonable value of the goods sold and that cause of action is not barred by the Statute of Limitations. (*Keller* v. *Strasburger,* 90 N. Y. 379; *Sturz* v. *Fischer,* 38 App. Div. 457; *Van Nest* v. *Lott,* 16 Abb. Pr. 130; *Ganley* v. *Troy City Nat. Bank,* 98 N. Y. 487; *Sturz* v. *Fischer,* 19 App. Div. 198; *Guilford* v. *Mulkin,* 85 Hun, 489; *Schoneneman* v. *Chamberlain,* 55 App. Div. 351.) The allowance of the plaintiff's claim by the bankruptcy court at $15,921.80 was a final judgment or decree for a sum of money rendered in a court of record and is not presumed to be paid or satisfied until after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it. (Code Civ. Pro. § 376; *Nat. Bank* v. *Mech. Nat. Bank,* 94 U. S. 437; *Matter of Osborn's Sons & Co.,* 177 Fed. Rep. 184; *Clendenning* v. *R. R. V. Nat. Bank,* 11 Am. Bank.

Rep. 245; *Huttig Mfg. Co.* v. *Edwards,* 160 Fed. Rep. 619; *De Graff* v. *Lang,* 92 App. Div. 564; *Whitwell* v. *Wright,* 136 App. Div. 246; *Bilder* v. *Ellis,* 148 App. Div. 647; *Fisher* v. *Mayor,* 67 N. Y. 73; *Mayor, etc.,* v. *Colgate,* 12 N. Y. 140; *Mayer* v. *Mayor, etc.,* 101 N. Y. 284.) The Statute of Limitations does not bar the plaintiff's recovery on the original contract or on implied contract for the reason that the institution of the bankruptcy proceedings stopped or tolled the running of the statute. (*Rosenthal* v. *Plumb,* 25 Hun, 336.) If the institution of the reclamation proceedings constituted an election of remedies, it applied only to the goods actually reclaimed and does not bar an action on the original contract for the remainder of the goods. (*Frey* v. *Torrey,* 175 N. Y. 501.)

CHASE, J. An election of remedies takes place when a choice is exercised between remedies which proceed upon irreconcilable claims of right.

When an election is made between such claims, with full knowledge of all the facts, an action may not thereafter be maintained upon the inconsistent claim. (*Georgi* v. *Texas Co.,* 225 N. Y. 410; *Mills* v. *Parkhurst,* 126 N. Y. 89; *Droege* v. *Ahrens & Ott Mfg. Co.,* 163 N. Y. 466.)

An action to rescind a contract of sale on the ground of fraud and to recover goods alleged to have been sold in reliance upon fraudulent representations is inconsistent with an action on the contract of sale. (*Reed* v. *McConnell,* 133 N. Y. 425, 435.)

After disaffirming a contract and bringing a suit in replevin for the goods sold, a party has no remedy on the contract of sale. (*Wallace* v. *O'Gorman,* 25 N. Y. S. R. 261, and cases cited; S. C., 53 Hun, 638; affd., on opinion below, 126 N. Y. 638.)

The petition of the plaintiff in the proceeding described in the record by which it sought to reclaim certain goods

delivered to the trustee in bankruptcy, expressly asserts that there were fraudulent representations made to induce the sales by the plaintiff to the defendants, and that commencing on or about the 6th of August, 1908, and continuously to the 6th of February, 1909, the plaintiff, in reliance upon such fraudulent representations, sold to the bankrupts goods and merchandise consisting of cloth including the particular pieces thereof sought to be reclaimed. It thus appears that the goods reclaimed were not purchased pursuant to an alleged separate and independent fraudulent contract relating only to the goods so sought to be reclaimed, but that such goods and merchandise were included in the sales from time to time during the time mentioned. The goods reclaimed were that part of the goods and merchandise sold during the time mentioned which remained in the hands of the bankrupts unused when the bankruptcy proceeding was commenced.

The court in connection with directing judgment for the plaintiff expressly found " that the goods which were subject to reclamation proceedings were a portion of the goods covered by the contracts of sale of which the goods mentioned in the complaint were also a part."

The plaintiff by its formal and unequivocal statement elected to rescind each and every sale made to the defendants within the time mentioned. The plaintiff succeeded in its claim that title to the goods did not pass to the defendants. It having elected to rescind the contract by which the sales were made it must abide the consequences. The rescission of the contract of sale does not prevent the plaintiff from recovering as upon an implied promise to pay the value of the goods delivered to the defendants and actually used by them. The plaintiff cannot, however, recover therefor upon the express contract of sale which it has rescinded. The rescission of the contract of sale includes a rescission of the terms of credit which were a part thereof.

In the *Wallace* case that we have mentioned the court refused after a replevin action had been commenced to recover possession of a portion of goods remaining unsold of purchases made from time to time in reliance upon a fraudulent representation as to the purchaser's financial responsibility, to enforce an agreement for security, a part of the original contract, even as to the value of goods which the plaintiff was unable to recover in the replevin action.

It was held that the agreement to sell and the agreement to give a mortgage to secure the purchase price of the goods sold were part of a single contract or transaction. So, in this case, the agreement to sell and the agreement to give a credit to the purchasers were part of one contract or transaction. The plaintiff cannot rescind the contract and act thereon and subsequently assert any right or advantage from the provisions of the contract as if in full force and effect.

There is no claim in the complaint that the time when the purchase price of the goods or any of them mentioned therein became due was extended by a credit given on the sales alleged therein. Assuming that the plaintiff on the proof herein could have recovered on its complaint for any sales within six years and four months prior to the commencement of the action, its rescission of the contract of sale made it necessary for it to stand upon a claim for the value of the goods had and received by the defendants from it and prevents its recovery upon the express contract which it has repudiated. As against a claim not based upon the express contract the Statute of Limitations commenced to run from each and every delivery and acceptance of merchandise.

More than six years had expired prior to the commencement of this action since each and every delivery by the plaintiff and acceptance by the defendants of merchandise. The plaintiff cannot recover, therefore, unless

1. The payment of dividends on the plaintiff's claim by the trustee in bankruptcy is in effect an acknowledgment of the debt by the defendants and a promise to pay it.

2. The institution of the bankruptcy proceeding stopped or tolled the running of the Statute of Limitations.

3. The allowance of the claim by the trustee in bankruptcy at $15,921.80 in 1910 was an adjudication binding upon the defendants as parties in the bankruptcy proceeding.

Payment by a trustee in bankruptcy, like a payment by an assignee pursuant to a general assignment, is a duty pointed out by law. Neither his duty nor power includes authority to promise that the bankrupt will pay the residue of the debt. Such a payment by an assignee under a voluntary assignment for the benefit of creditors on account of a claim against the assignor does not take the case out of the Statute of Limitations. (*Pickett* v. *Leonard,* 34 N. Y. 175.) The same rule applies in the case of a payment by a trustee in bankruptcy.

Neither the assignee nor the trustee in bankruptcy has power to represent the bankrupts except for the purpose of the Bankruptcy Act. (*Moller* v. *Tuska,* 87 N. Y. 166, 170.)

The Bankruptcy Act of 1898, unlike that of 1867, does not contain a provision restraining a creditor from pursuing his claim against a bankrupt debtor until the question of his discharge has been determined. The commencement of the bankruptcy proceeding does not, therefore, stop or toll the running of the Statute of Limitations.

A bankrupt is not required to examine claims presented in the bankruptcy court except when they are presented to him or unless ordered by the court or a judge thereof for cause shown, and the bankrupt shall be paid his actual expenses from the estate when examined or required to attend at any place other than the city,

town or village of his residence. (Bankruptcy Law, sec. 7.) It does not appear in the record before us that the defendants or either of them ever in any way examined the claim filed by the plaintiff against the bankrupt estate of the defendants. Upon such record the allowance of the claim, although sufficient and controlling as a judgment for the purposes of the bankruptcy proceeding (*Matter of John Osborn's Sons & Co., Inc.,* 177 Fed. Rep. 184; *National Bank of Commonwealth* v. *Mechanics' National Bank,* 94 U. S. 437), does not affect the question before us relating to the Statute of Limitations.

The judgment should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN and ANDREWS, JJ., concur; CARDOZO, J., not voting.

Judgment reversed, etc.