## In re McCHESNEY.

District Court, S. D. California, C. D.
Feb. 18, 1931.

The order of Tarver, referee, follows:

On May 31, 1930, Galen H. Welch, as collector of internal revenue for the sixth collection district of California, duly filed in the above matter the claim of the United States of America in the sum of $297.58, with interest, to cover the income tax due by the bankrupt for the year 1920. The matter of the allowance of said claim came up for hearing before the undersigned referee on the 27th day of August, 1930, sitting in San Diego in the place and during the absence of the Honorable Franklin F. Grant, the referee for the county of San Diego; the trustee in the above-entitled matter was represented at said hearing by his attorney, John W. Mott, of San Diego, and the claimant was represented by A. C. Baird, Attorney, of Los Angeles, Cal., and Robert E. Andre of the United States Internal Revenue Service; the issues were presented by the respective attorneys, and after argument the referee took the matter under advisement, and he here now renders his decision.

The main issue was whether or not the claim is barred by the statute of limitations; in the event this issue should be decided against the trustee, another issue arises, to wit, that of the interest upon the claim and its rate.

At the hearing, the undersigned referee was of the opinion that the claim was not barred by the statute of limitations, and so expressed himself. After considering the matter more fully, however, he now is of the opinion that said claim is so barred by the provisions of the United States Revenue Act of 1918.

A statement of facts was made at said hearing by Mr. Baird, attorney for claimant, and unchallenged by the trustee. The provisions of the Internal Revenue Act in point were also read and set forth by Mr. Baird. These facts as detailed by Mr. Baird and uncontroverted are, as understood by the referee, as follows: That the return for the income tax was made and due on March 15, 1921; that several years ago, in this same judicial district, the said McChesney was adjudicated bankrupt in another proceeding, that within the period limited after the return was made this same claim was filed and allowed in the said first bankruptcy proceeding of the said McChesney, but that nothing was paid upon said claim; that several years after the discharge of the bankrupt in that first proceeding, the present bankruptcy proceeding was commenced and the said McChesney again duly adjudicated bankrupt; that the government again filed its claim in this proceeding for the income tax which it failed to collect in the first bankruptcy proceeding. The attorney for the claimant admits that the present claim was filed in the present proceeding more than five years after the date when the tax return was due and made.

Section 250 (d) of the Revenue Act of 1918 (40 Stat. 1082), cited by Mr. Baird, as in point, provides: "No suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made."

To take the case out of the statute of limitations, the claimant relies on the fact that it filed a claim for the same tax in the first bankruptcy proceeding of the said McChesney, and that said claim in said proceeding was so filed within the five years limited by said revenue act.

While the allowance of a claim is in effect a judgment, it is only such for the purpose of the Bankruptcy Act (11 USCA), and to the extent of the assets belonging to

bankruptcy estate in which it is filed. It seems to the referee that, in order for claimant in the bankruptcy proceeding to collect an unpaid and undischarged debt in bankruptcy out of property acquired by the bankrupt subsequent to adjudication, it would have to bring suit in the same manner that it would have had to do had not bankruptcy intervened; that an allowed claim is not a judgment against the bankrupt, for the reason that he is not a party to the proceeding in the sense here contemplated. The government in this case had the privilege after the close of the first bankruptcy proceeding to bring a suit against the discharged bankrupt and collect its tax, provided it commenced its suit within the five-year period.* This was the only way, as the undersigned referee sees it, that it could have reached property acquired by the bankrupt after the first adjudication in bankruptcy. If it failed to start a suit against the bankrupt in the proper court within five years after the return was due, most assuredly its claim would be as barred against the bankrupt. The undersigned referee is further of the opinion that in the absence of a suit it must also file its claim in the bankruptcy proceeding within the five-year period in order to prevent its claim from being barred. If it be contended that, filing a claim in the first bankruptcy proceeding is a suit or proceeding as meant by the provisions of the Internal Revenue Act above cited, the filing of the claim in the present proceeding is also such a suit or proceeding, and that such filing must be done within five years after the date of the return was due or made, which claimant admits was not done.

It was held in the case of the American Woolen Company of New York v. Abraham Samuelsohn et al., reported in 226 N. Y. 61, 123 N. E. 154, 156, 43 A. B. R. at page 530, that a suit brought for the unpaid balance of a claim filed and allowed in bankruptcy was barred by the statute of limitations unless the same was commenced within the period of limitations after the time when the debt first became due, and that the allowance of the claim in bankruptcy did not stop or interrupt the running of the statute of limitations. It was there stated: "The assignee or trustee in bankruptcy has no power to represent the bankrupts except for the purpose of the Bankruptcy Act"; and it was further therein held that "the allowance of the claim, although sufficient and controlling as a judgment for the purpose of the bankruptcy proceeding * * * does not affect the question before us relating to the statute of limitations." The claim in question is therefore disallowed.

A. C. Baird, of Los Angeles, Cal., and Robert E. Andre, United States Internal Revenue Service, for claimant.

John W. Mott, of San Diego, for trustee.

McCORMICK, District Judge.

The order of the referee herein dated August 30, 1930, disallowing the claim of Galen H. Welch, collector of internal revenue for taxes and interest amounting to $534.19, is confirmed. The reasons assigned by the referee in his opinion disallowing said claim are convincing, and it further appears that the claim in controversy was not the claim allowed in the prior bankruptcy proceeding on August 18, 1926. The claim under review is not founded upon a judgment in the prior bankruptcy proceeding, but is a claim for taxes for the year 1920, and, under applicable acts of Congress, is barred by the statute of limitations. See referee's opinion herein. American Woolen Company of New York v. Abraham Samuelsohn et al., 226 N. Y. 61, 123 N. E. 154, 43 A. B. R. 530. Massee & Felton Lumber Co. v. Benenson (D. C.) 23 F.(2d) 107. An exception to the aforesaid ruling is hereby noted and allowed petitioner.