Barney GOLDSTEIN and Edith Goldstein, Appellants,

v.

Guy W. PEARSON, Collector of Taxes, Appellee.

No. 1740.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 23, 1956.

Decided March 8, 1956.

Joseph V. Gartlan, Jr., Washington, D. C., with whom Leonard S. Melrod, Washington, D. C., was on the brief, for appellants.

George F. Donnella, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and George C. Updegraff, Asst.

Corp. Counsel, were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

On September 1, 1949 and September 1, 1950, certain personal property taxes were assessed by the District of Columbia against appellants Barney and Edith Goldstein. The taxes were not paid and Barney Goldstein was adjudicated a bankrupt in 1951. On March 7, 1951, the Collector of Taxes filed in the bankruptcy proceeding a claim for the unpaid taxes. His claim was allowed as a priority claim, but no payment was made upon it as the bankrupt estate was without assets. The bankrupt was discharged on October 8, 1951. On June 27, 1955, the Collector of Taxes caused notice of levy to be served upon the then employer of Barney Goldstein, seizing and levying upon all credits, etc., owing by the employer to Goldstein. Shortly thereafter, in order to release the levy, the Goldsteins paid under protest the full amount of the taxes plus interest and penalties. Alleging that the levy was without authority in law, the Goldsteins brought this action against the Collector to recover back the amount so paid. The trial court denied recovery and this appeal followed. The only question is whether the levy was barred by Code 1951, Supp. III, 47–1408(c), which provides: "Where the assessment of personal property taxes has been made within the period properly applicable thereto, such taxes may be collected by distraint or by a proceeding in court, but only if begun within three years after the date of the assessment of such taxes."

It is the contention of the Collector that the levy was not barred if a proceeding in court to collect the taxes was begun within three years after the date of the assessment of the taxes, and that the filing of the claim in bankruptcy was a proceeding in court. That was the view of the trial court which ruled that "the Statute of Limitations is *no* bar to the collection of the personal property taxes from the plaintiffs because the filing of the claim in Bankruptcy Cause No. 8–51 was 'a proceeding in court' to collect the taxes and was sufficient to stop the running of the statute." We agree that the filing of the claim in bankruptcy was a proceeding in court,[1] but we do not agree that it automatically extended for an unlimited time the period for collection of the taxes. Assuming, as the Collector claims, that the allowed claim in bankruptcy was in effect a judgment, it was a judgment only to the extent of the assets of the bankrupt.[2] It was not a personal judgment against the bankrupt and no attachment or garnishment could be issued upon it. The case would be quite different if the Collector within three years of assessment had commenced an action for a personal judgment and after the three years had issued an attachment on the judgment. In such a case there would be collection by a court proceeding begun within the three-year limitation.

In our opinion the plain meaning of the statute is that no distraint or proceeding in court for collection of the taxes shall be begun after three years from the date of the assessment. The filing of proof of claim in the bankruptcy proceeding was a proceeding in court, but it, at least for purposes of collection of the claim, completely terminated when the bankrupt was discharged and the case closed as a no-asset case. If the taxes were to be collected it was necessary to commence some other court proceeding or issue a distraint within the three-year period. This was not done and the levy in 1955 was an attempt to collect the taxes by distraint after the allowable period had passed. Such levy was forbidden by law.

In addition to seeking recovery of the amount paid by them, the Goldsteins also sought recovery of damages for in-

1. Citizens' Bank of Lafourche v. Miller-Link Lumber Co., D.C.E.D.Tex., 16 F.2d 163.

2. In re McChesney, D.C.S.D.Cal., 58 F.2d 340.

juries allegedly suffered by them as a result of the levy. This latter claim cannot be sustained. The Collector of Taxes is a public official charged with the duty of collecting taxes. The taxes here involved were properly assessed and have not been paid. If in performance of his official duties the Collector misinterpreted the statute authorizing collection, he is not subject to civil liability for injury resulting from such act.[3] The immunity which surrounds public officials in the performance of acts within the scope of their official duties is "broad, deep and strong." Orvis v. Brickman, 90 U.S.App.D.C. 266, 269, 196 F.2d 762, 765.

The judgment is reversed with instructions to enter judgment for appellants for the amount paid by them, $545.42, and interest.

Reversed with instructions.

3. Laughlin v. Rosenman, 82 U.S.App.D.C. 164, 163 F.2d 838; Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440, certiorari denied 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 414; Standard Nut Margarine Co. of Florida v. Mellon, 63 App.D.C. 339, 72 F.2d 557, certiorari denied 293 U.S. 605, 55 S.Ct. 124, 79 L. Ed. 696.