In re TUCKER et al.

Ex parte NEW YORK COTTON EXCH.

(District Court, D. Massachusetts. July 22, 1904.)

No. 7,815.

1. BANKRUPTCY—LOAN BY WIFE—PROPERTY RECEIVED FROM HUSBAND AS GIFT.
A transfer of corporate stock by a husband to his wife as a gift by surrendering certificates owned by him and causing new ones to be issued in her name, was, in effect, a direct transfer to her, and void under the law of Massachusetts, where the parties resided, and, the stock being in law his property, its retransfer to him by his wife as a loan affords no basis for a claim by her against his estate in bankruptcy.

In Bankruptcy. On review of decision of referee.

I. R. Clark, for Gertrude F. Tucker.

Robert K. Dickerman and John A. Curtin, for trustee.

LOWELL, District Judge. Tracey Tucker, one of the bankrupt partners, before his bankruptcy, assigned to his wife a seat in the New York Cotton Exchange, standing in his name, as security for the redelivery of 25 shares of Amalgamated Copper stock and 40 shares of United States Steel stock, preferred, alleged to have been lent by her to him, or to the firm. If the shares thus lent were the separate property of the wife, she is entitled to reimbursement, according to the principles of equity which control the federal courts, whatever be the statutes and decisions of Massachusetts. James v. Gray (C. C. A., 1st Circuit, July 6, 1904) 131 Fed. 401. Counsel for the trustee in bankruptcy has contended that this stock did not belong to the bankrupt's wife, but to the bankrupt himself, or to his firm. It was not disputed at the argument, and I so find, that the certificates of stock in question, indorsed in blank, were in the possession of Tracey Tucker as his own property before his marriage; that the indorsements were filled out to Mrs. Tucker after the marriage, and the certificates were sent to the transfer agent, the intention being to give her the stock, and no consideration passing between the parties; that certificates in the name of Mrs. Tucker were duly issued and delivered to her, and that these certificates were by her indorsed in blank, and delivered for the benefit of the bankrupt firm. It was not disputed that the title to this stock, when represented by certificates so indorsed, passed by delivery to the holder. Under the statutes of Massachusetts, a gift from husband to wife is void unless it is made under conditions not here complied with. The gift by Tracey Tucker to his wife was, therefore, void, and the stock handed by Mrs. Tucker to the firm did not belong to her.

Some language in James v. Gray, above cited, may be taken to mean that a federal court like this, which does equity, will disregard the statutes of Massachusetts as interpreted by its courts, and will uphold transfers made directly from husband to wife; but this language, I think, was not intended by the Court of Appeals to apply to a transfer by way of pure gift, under the circumstances here presented. As this point was not argued before me—because James v. Gray had not then

overruled In re Talbot (D. C.) 110 Fed. 924—counsel may apply for a reargument on this point alone, if they wish to do so. See Wallingsford v. Allen, 10 Pet. 583, 594, 9 L. Ed. 542; Lucas v. Lucas, 1 Atk. 270. Some suggestion was made of an antenuptial agreement between Mr. and Mrs. Tucker, but counsel for Mrs. Tucker has called the attention of the court to no evidence establishing such an agreement. He argued chiefly that the corporation itself constituted such a conduit between Mr. and Mrs. Tucker as to validate his gift of the stock to her, in the same manner that a gift of real estate is validated by being passed through a third person. But the cases are not analogous. Here the corporation did not take the title to the stock, which passed directly from the transferror to the transferee.

Judgment of the referee affirmed.