[No. 5116. Decided February 28, 1905.]

T. D. HINCKLEY et al., *Appellants*, v. CITY OF SEATTLE, *Respondent*.[1]

STATUTE OF LIMITATIONS—JUDGMENTS—MUNICIPAL CORPORATIONS —STREET ASSESSMENT LIENS—ENFORCEMENT OF, WITHIN SIX YEARS —QUIETING TITLE. A street assessment lien being subject to the statute of limitations, a judgment therefor becomes inoperative for any purpose, under Bal. Code, §§ 5149, 5150, after the lapse of six years, as in the case of other judgment liens.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 30, 1903, upon sustaining a demurrer to a complaint, dismissing an action to remove the cloud of a judgment. Reversed.

*Fred H. Peterson*, for appellants.

HADLEY, J.—This is an action to remove the cloud of a judgment taken to foreclose a street assessment lien. The city of Seattle recovered the judgment September 7, 1897. This suit was commenced October 17, 1903. The com-

[1]Reported in 79 Pac. 779.

plaint avers that more than six years have elapsed since
the entry of the judgment, which remains unsatisfied and
has not been revived, that no execution has been issued
thereon, and that it has ceased to be a lien upon the real
estate in question. The city demurred generally to the
complaint, on the ground that it does not state sufficient
facts to constitute a cause of action. The demurrer was
sustained. The plaintiff declined to further plead, and
judgment was entered dismissing the action. The plain-
tiff has appealed.

The sole question is, can the lien of a judgment, entered
in a street assessment foreclosure, be enforced after such
lapse of time as destroys ordinary judgment liens? Ap-
pellants insist that the lien of such a judgment is subject
to the same limitation as that of an ordinary judgment.
This court has held that a judgment becomes inoperative
for any purpose after the expiration of the period pre-
scribed by statute for the duration of its lien. *Brier v.
Traders' Nat. Bank,* 24 Wash. 695, 64 Pac. 831; *Pack-
wood v. Briggs,* 25 Wash. 530, 65 Pac. 846; *Hardin v.
Day,* 29 Wash. 664, 70 Pac. 118. The judgment involved
in the case at bar was entered after the act of 1897 took
effect. Bal. Code, §§ 5149, 5150. If it is subject to the
rule of the above cited cases, then the duration of its lien
was six years, and that period expired September 7, 1903.
Section 5149, *supra.*

The respondent city has filed no brief, but from appel-
lants' brief we apprehend that respondent's counsel urged
the view in the lower court that the lien of a street assess-
ment is perpetual until the amount thereof is paid, as this
court has held the general tax lien to be. We cannot con-
cur in such view. The general tax lien was held to be
perpetual for the reason that our revenue law declares that
the lien shall continue until the taxes are paid. We are

not advised of the existence of any such statute relating
to street assessment liens.   The application of the statute
of limitations to the enforcement of assessment liens has
been repeatedly recognized by this court.   *Spokane v. Stevens*, 12 Wash. 667, 42 Pac. 123; *Ballard v. West Coast
Imp. Co.*, 15 Wash. 572, 46 Pac. 1055; *Seattle v. De
Wolfe*, 17 Wash. 349, 49 Pac. 553; *Fogg v. Hoquiam*, 23
Wash. 340, 63 Pac. 234.   Therefore, the street assessment
lien is not like that of the general tax, but is subject to
the statute of limitations, and, when the lien has become
merged in a judgment, we know of no reason why it shall
not be governed by the rules which apply to other judgment liens.   Such was the effect of the decision in *Dorland v. Smith*, 93 Cal. 120, 28 Pac. 812.

For these reasons the judgment is reversed, and the
cause remanded with instructions to the lower court to
overrule the demurrer.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.