[No. 6929. Decided December 20, 1907.]

THE STATE OF WASHINGTON, on the Relation of H. L. Tatum et al., Appellant, v. E. A. FITZHENRY, Clerk of the Superior Court for Clallam County, Respondent.[1]

GARNISHMENT—JUDGMENT AGAINST GARNISHEE—PAYMENT INTO COURT—WHO ENTITLED TO. Under Bal. Code, § 5403, upon judgment against a garnishee, and payment of the same to the clerk of the court, the judgment and payment inures to the benefit of the successful party in the principal action, and the plaintiff is not entitled to the fund in court until after recovery of judgment against the defendant.

Appeal from a judgment of the superior court for Clallam county, Still, J., entered January 26, 1907, denying an application for a writ of mandate to compel payment to relators of a deposit in court by the garnishee defendants. Affirmed.

[1]Reported in 92 Pac. 898.

*Shank & Smith,* for appellant.

*Trumbull & Trumbull,* for respondent.

Rudkin, J.—This is an appeal from a judgment denying an application for a writ of mandate. The application for the writ set forth substantially the following facts: That on the 21st day of October, 1904, in a certain action then pending in the superior court of Clallam county, wherein the appellants herein were plaintiffs and W. A. Geist and others were defendants, and the Niagara Fire Insurance Company of the city of New York and the London Assurance Corporation were garnishee defendants, judgment was given and entered in favor of said plaintiffs and against said garnishee defendants in the sum of $1,150, with interest and costs of suit; that said judgment was thereafter affirmed by this court; that on the 3d day of December, 1906, the garnishee defendants satisfied said judgment by paying the full amount thereof to the respondent clerk; that the appellants have made demand on said clerk for the money so paid in, and that such demand has not been complied with. That the demurrer to this application was properly sustained seems to us too apparent to admit of argument. Bal. Code, § 5403 (P. C. § 556), provides what disposition shall be made of moneys paid in by or collected from a garnishee. That section is as follows:

"Execution may be issued on the judgment against the garnishee herein provided for in like manner as upon any other judgment. The amount made upon any such execution shall be paid by the officer executing the same to the clerk of the superior court from which such execution was issued; and in cases where judgment has been rendered against the defendant the amount made on the execution shall be applied to the satisfaction of the judgment, interest and costs against the defendant. In case judgment has not been rendered against the defendant at the time execution issued against the garnishee is returned, any amount made on said excution shall be paid to the clerk of the court from which such execution

issued, who shall retain the same until judgment be rendered in the action between the plaintiff and defendant. In case judgment be rendered therein in favor of the plaintiff, the amount made on the execution against the garnishee shall be applied to the satisfaction of such judgment and the surplus, if any there be, shall be paid to the defendant. In case judgment be rendered in such action in favor of the defendant, the amount made on said execution against the garnishee shall be paid to the defendant."

The application in this case failed to show that the appellants had recovered judgment against the defendants in the principal action, and their right to demand or receive from the clerk the money paid in by the garnishees was dependent upon that judgment and not upon the judgment against the garnishees. The latter inures to the benefit of the successful party in the principal action. An application of this kind therefore fails to state a cause of action unless it shows that the plaintiff in the principal action has recovered judgment against the defendant in the principal action, and the amount thereof.

The judgment of the court below is affirmed.

HADLEY, C. J., DUNBAR, CROW, MOUNT, and FULLERTON, JJ., concur.