## MARYMAN *v.* DREYFUS.

## Opinion delivered February 8, 1915.

1. BANKRUPTCY — BANKRUPTCY COURT — JURISDICTION. — Bankruptcy courts have no jurisdiction of independent suits at law or in equity, and the bankruptcy act does not give to the bankruptcy courts jurisdiction to render personal judgments against bankrupt debtors as in civil suits or in equity.

2. BANKRUPTCY—ACTION IN STATE COURT—RIGHT OF CREDITOR.—Under the Bankruptcy Act of 1898, a creditor, after proving his claim, may prosecute a suit to judgment in the State courts, unless a stay is procured by a trustee in bankruptcy.

3. BANKRUPTCY—BANKRUPTCY COURT—POWER TO RENDER JUDGMENT.—A bankruptcy court is without jurisdiction or power to render a personal judgment against the bankrupt for the amount of the creditor's claim proved.

4. BANKRUPTCY—ALLOWANCE OF CLAIM—JUDGMENT.—The allowance of a creditor's claim, by a referee in bankruptcy, does not amount to a judgment in favor of the creditor within the meaning of the statute permitting suits to be brought thereon within ten years.

Appeal from Lafayette Circuit Court; *Jacob M. Carter*, Judge; reversed.

### STATEMENT BY THE COURT.

Appellee, a corporation, successor to the partnership of S. G. Dreyfus & Co., sued for a balance claimed to be due upon a judgment and alleged that a petition in involuntary bankruptcy was filed against Maryman, who confessed in writing his insolvency and willingness to be adjudged a bankrupt, that he was duly adjudicated a bankrupt; that the said company succeeded to all the rights of S. G. Dreyfus & Co., which proved its claim against the bankrupt's estate and the same was duly allowed in the full amount thereof and became a judgment against the appellant under the laws of the State and the United States, and that appellee was indebted to it in the sum of said judgment, less the dividends credited thereon.

A general demurrer was interposed to the complaint alleging its insufficiency, and that the record of the judgment did not show a valid judgment against the defendant in plaintiff's favor, and that the alleged judgment

was not made by a court of record having jurisdiction of the subject-matter and person of the defendant.

The demurrer was overruled and appellant denied the material allegations of the complaint, interposed the plea of *nul tiel* record and plead the three and five-year statutes of limitation.

It appears from the testimony that an involuntary petition in bankruptcy was filed against T. W. Maryman, who admitted his insolvency and willingness to be adjudged a bankrupt; that he was duly adjudicated a bankrupt and the claim of said Dreyfus & Co. was proved against the estate and allowed by the referee for the full amount. The entry being, "Filed and allowed January 31, 1905, 11 A. M.   A. H. Sevier, Referee."

The estate was closed and the records turned over to the clerk on July 6, 1905, and an application for discharge was filed in September, 1905, and withdrawn May 15, 1906.

The testimony further shows that no part of the Dreyfus claim has been paid except the small amounts of dividends, which were credited thereon, and appellee corporation succeeded to all the rights of the partnership therein.

The court rendered judgment against the defendant in favor of the plaintiff for the amount claimed with interest for nine and one-half years, from which judgment this appeal is prosecuted.

*Henry Moore, Jr.,* for appellant.

1. The bankruptcy court did not attempt to render a personal judgment and was without jurisdiction to render such a judgment. Collier on Bankruptcy (4 ed.), pp. 11, 12; 11 Enc. Pl. & Pr., pp. 879-882. No personal judgment can be obtained by proving up a claim in a bankruptcy court when an individual has been declared a bankrupt. 93 U. S. 347; 110 *Id.* 741; 178 *Id.* 526; 202 *Id.* 479; 169 Fed. 1017; 109 *Id.* 313.

2. The formalities required by law were not complied with and the courts of Arkansas will not grant a judgment upon the record shown. 13 Ark. 34; 11 Enc.

Pl. & Pr., p. 1153, note 10; 45 Ark. 190. No judgment against defendant was ever shown. 47 Ark. 124; 70 *Id.* 345; 23 *Id.* 170; 48 *Id.* 282. The demurrer should have been sustained.

*Will Steel,* for appellee.

1. The bankrupt court had jurisdiction over the estate and person of Maryman, and in a proceeding in a State court he can not attack collaterally his adjudication or the allowance of appellee's claim by the referee for lack of personal service or otherwise. Bankrupt Act, § § 18 F. and 38-1; 1 Loveland on Bankruptcy (4 ed.) 498, 503-4-6. The adjudication binds the bankrupt until set aside in a direct proceeding, or on appeal, and can not be collaterally attacked. 152 Fed. 64; 164 *Id.* 823; 160 *Id.* 619; 172 *Id.* 353; 168 *Id.* 672; 101 *Id.* 971; 170 *Id.* 677; 145 *Id.* 396; 99 *Id.* 256; 149 *Id.* 636. The court had jurisdiction, and the bankrupt is bound by all orders made by the court. 93 U. S. 347. A jury trial could not be demanded. 198 U. S. 289; 124 Fed. 182; 101 *Id.* 243; 104 U. S. 126.

2. The question is *res adjudicata.* 23 Cyc. 1118; 78 S. W. 882; 111 Fed. 361; 122 *Id.* 232. The act of the referee is the act of the court. 1 Loveland on Bank. (4 ed.) 205; 178 U. S. 542; 151 Fed. 507; 142 *Id.* 593.

3. The judgment was properly authenticated. 23 Cyc. 1544-1598. It is conclusive. *Ib.* 1293, 1295, 1239. The action of the referee was a judgment. 48 Ark. 282; 124 Fed. 371; 23 Cyc. 670.

KIRBY, J., (after stating the facts). It is contended that the bankruptcy court was without jurisdiction to render a personal judgment against the bankrupt upon proof of a claim against his estate in bankruptcy and that it in fact did not do so, the allowance of the claim by the referee not becoming a judgment against the bankrupt upon which suit could thereafter be brought as upon other judgments.

Bankruptcy laws were not made nor bankruptcy courts instituted for the purpose of preserving and perpetuating claims against bankrupts, but for releasing and

discharging insolvent persons from their debts and liabilities, after distributing the proceeds of their estate in payment thereof in accordance with the procedure prescribed therefor.

Section 2 of the present bankruptcy law of 1898 prescribes the powers and jurisdiction of the bankruptcy court, granting power, "2. To allow and disallow claims against bankrupt estates. * * * 15. To make such orders, issue such process and enter such judgment in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act."

"As courts of bankruptcy, their origin is statutory, and they have no powers or jurisdiction other than is conferred on them by or necessarily implied, from the statute."

"By the first clause of section 2, their jurisdiction is limited to proceedings in bankruptcy, *i. e.,* bankruptcy proceedings, *per se,* as distinguished from civil actions at law, or plenary suits in equity. 2 Collier on Bankruptcy (4 ed.), 11 and 12.

"Subdivision 15 is the omnibus clause of the section. Generally speaking, it may be availed of to compel anything, which ought to be done for, or to prevent anything which ought not to be done against the enforcement of the law; provided, the court of bankruptcy otherwise has jurisdiction of the person or the subject-matter." Collier on Bankruptcy, 23.

"On the call of claims duly proved and filed, an objection can be made, but only by parties in interest."

"Under the former law, a creditor who proved his claim could not proceed thereon in another court. This is not the law now. He can proceed, though he will usually be halted by a stay." Collier on Bankruptcy, 122, 123.

It is also true that referees in bankruptcy "take the same oath of office as judges of the United States courts," are referred to "as an arm of the bankruptcy court, invested with certain judicial powers," and as "a court of very great importance in the administration of bankrupt

assets and the determination of conflicting rights arising thereunder," and in their hearings within the scope of their powers are clothed with the authority of judges. *White* v. *Schloerb,* 178 U. S. 542; Loveland on Bankruptcy, 205; *Gilbertson* v. *U. S.,* 168 Fed. 672; In re *Simon & Sternberg,* 151 Fed. 507; In re *McIntire,* 142 Fed. 593. Judge, however, as defined in the act means a judge of a court of bankruptcy not including the referee. See Bankruptcy Act.

Proceedings by creditors to prove their demands against the estate of a bankrupt are part of the suit in bankruptcy and are not separate or independent suits in law or in equity, the bankruptcy act being passed to provide a quick and summary settlement of debts against the bankrupt out of the proceeds of his estate and proceedings originally commenced as part of the bankruptcy suit are not separate from it and converted into a suit at law. *Wiswall* v. *Campbell,* 93 U. S. 347; *Leggett* v. *Allen,* 110 U. S. 741.

(1) It is settled that bankruptcy courts under the present bankruptcy act have no jurisdiction of independent suits at law or in equity. *Bardes* v. *Hawarden Bank,* 178 U. S. 526. It was there said:

"Proceedings in bankruptcy generally are in the nature of proceedings in equity; and the words 'at law,' in the opening sentence conferring on the courts of bankruptcy 'such jurisdiction' at law and in equity, as will enable them to exercise original jurisdiction in bankruptcy proceedings, may have been inserted to meet clause 4, authorizing the trial and punishment of offenses, the jurisdiction over which must necessarily be at law, and not in equity."

"The section nowhere mentions civil actions at law, or plenary suits in equity. And no intention to vest the courts of bankruptcy with jurisdiction to entertain such actions and suits can reasonably be inferred from the grant of the incidental powers, in clause 6, to bring in and substitute additional parties, 'in proceedings in bankruptcy,' and in clause 15 to make orders, issue process

and enter judgments necessary for the enforcement of the provisions of this act.''

In *Bush. v. Elliott,* 202 U. S. 479, the court said: ''The bankruptcy act of 1898 in respect to matters now under consideration was a radical departure from the act of 1867, in the evident purpose of Congress to limit the jurisdiction of the United States courts in respect to controversies which did not come simply within the jurisdiction of the Federal courts as bankrupt courts and to preserve to a greater extent than by the former act, the jurisdiction of the State courts over actions which were not distinctly matters and proceedings in bankruptcy.''

''As said in the Bards case, Congress, by the second clause of section 23 of the present bankrupt act, appears to this court to have clearly manifested its intention that controversies, not strictly or properly part of the proceedings in bankruptcy, but independent suits brought by the trustee in bankruptcy to assert a title to money or property as asests of the bankrupt against strangers to those proceedings, should not come within the jurisdiction of the district courts of the United States, unless by consent of the proposed defendant, of which there is no pretense in this case.'' See also *First Natl. Bank v. Title & Trust Co.,* 198 U. S. 291.

It is evident from these authorities that there was no intention upon the part of the lawmakers to give the bankruptcy courts jurisdiction to render personal judgments against bankrupt debtors as in civil suits at law or in equity and there was no such judgment attempted to be rendered in said court. The allowance by the referee of the claim was within the jurisdiction of the referee in the bankruptcy proceeding and binding and conclusive against the bankrupt's estate, unless reversed upon appeal.

It is insisted by appellee that the case of *Hargadine-McKittrick Dry Goods Co. v. Hudson,* 122 Fed. 232, is authority for holding the allowance of a claim by the referee to be a judgment binding upon the bankrupt. In that case the plaintiff brought suit on a Texas judgment

and the pleadings developed that he had previously filed proof of claim setting up the judgment in the bankruptcy proceedings against the defendant in Colorado and his claim was disallowed by the referee as being barred by the statute of limitations, and on review the district court affirmed the referee's decision. The bankrupt was discharged and suit was afterward brought in the United States Circuit Court on the original judgment and the court held that the judgment of the district court of Colorado remained in force and effect and constituted a bar to the action, saying if the judgment was for any reason erroneous, the remedy was by appeal and not by suit on the same cause of action in another jurisdiction against the bankrupt. The bankrupt there received his discharge in bankruptcy and the plaintiff could not have successfully prosecuted his action, even if his claim had not been presented and disallowed, the discharge relieving the bankrupt from all provable debts. After the claim was disallowed by the referee, it was reviewed by the judge of the district court and a formal judgment entered of record, which was of course conclusive, the referee and the court each having jurisdiction to disallow the claim.

(2) Under the old bankruptcy law of 1867 a creditor by proving his debt in bankruptcy, waived his right to enforce it by any other legal remedy, but under this present bankruptcy law, the creditor, after proving a claim, may prosecute a suit to judgment in the State courts, unless a stay is procured by a trustee in bankruptcy. Section 11, Bankruptcy Act; Collier on Bankruptcy (4 ed.), 124, 386.

(3-4) It is conceded that the claim as allowed is long since barred by the statute of limitations unless the allowance thereof constituted a judgment within the meaning of the statute, permitting suits to be brought thereon within ten years, and having held that the bankruptcy court was without jurisdiction or power to render a personal judgment against the bankrupt for the amount of the creditor's claim proved and allowed against his estate

and that no such judgment in fact was attempted to be rendered, it necessarily follows that the lower court erred in its rendition of judgment against the appellant.

The judgment is reversed, and, since the cause of action is barred, judgment will be rendered here, dismissing same. It is so ordered.