[No. 12293.   Department Two.   April 10, 1915.]

GUS JOHNSON, *Appellant*, v. GREAT NORTHERN LUMBER COMPANY *et al.*, *Respondents.*[1]

JUDGMENT—ACTIONS TO ENFORCE—LIMITATIONS—FRAUDULENT CONVEYANCES — SUITS TO SET ASIDE — TERMINATION OF LIEN OF JUDGMENT. Under Rem. & Bal. Code, §§ 459-461, limiting the life of a judgment to a period of not more than six years from the date of its entry, an action by a judgment creditor to set aside a fraudulent conveyance and subject the property to the lien of a judgment would be barred, and the action is properly dismissed, after the lapse of six years after the entry of the judgment.

APPEAL AND ERROR—PRESERVATION OF GROUNDS. Errors alleged in the briefs but not disclosed by the record will not be considered on appeal.

Appeal from a judgment of the superior court for Skagit county, Houser, J., entered February 16, 1914, dismissing an action to set aside a conveyance and subject the property to the lien of a judgment. Affirmed.

*P. V. Davis* and *Thomas Smith*, for appellant.

*Quinby, Beagle & Driftmier*, for respondents.

[1]Reported in 147 Pac. 641.

MAIN, J.—The purpose of this action is to set aside alleged fraudulent conveyances of certain property and subject the property to the lien of a judgment.

On January 25, 1905, the plaintiff, while in the employ of one of the defendants, the Great Northern Lumber Company, was injured. On April 4, 1905, he brought suit for damages suffered on account of such injury, and on November 19, 1906, obtained a judgment. On November 17, 1905, the Great Northern Lumber Company conveyed all of its assets to the Fraser River Saw Mills, Ltd. On November 23, 1905, the latter company conveyed the property to the Anacortes Lumber & Box Company. On January 20, 1908, the judgment in favor of the plaintiff and against the Great Northern Lumber Company was affirmed by this court. On July 6, 1909, the present action was instituted. After the issues had been framed, the cause was set for trial on February 10, 1914. On February 9, 1914, the defendants Fraser River Saw Mills, Ltd., and the Anacortes Lumber & Box Company, filed a motion to dismiss for the reason that the lien of the judgment of the plaintiff against the Great Northern Lumber Company, upon which this action is predicated, had expired by operation of law. This motion was granted and the action dismissed. From the judgment of dismissal entered on February 16, 1914, the appeal is prosecuted.

From the facts stated, it appears that the judgment against the Great Northern Lumber Company was entered in the superior court on November 19, 1906. The order dismissing the present action was entered on February 16, 1914. It thus appears that the period of time between the entering of the judgment in the original action and the entering of the order of dismissal in this action was more than six years. The statute, Rem. & Bal. Code, §§ 459-461 (P. C. 81 §§ 57-61), limits the life of a judgment to a period of not more than six years from the date of the entry of the original judgment. Upon the authority of the cases of

*Meikle v. Cloquet*, 44 Wash. 513, 87 Pac. 841, and *Seattle Brewing & Malting Co. v. Donofrio*, 59 Wash. 98, 109 Pac. 335, the judgment of dismissal in the present case must be affirmed.

But the appellant claims that, at the time of the hearing in the superior court upon the motion to dismiss, leave was asked to amend the complaint in such a way that he claims it would state a cause of action. We need not pursue this question further than to say that the record does not show such a request or motion to have been made.

The judgment will be affirmed.

MORRIS, C. J., ELLIS, CROW, and FULLERTON, JJ., concur.