## In re LEVINSON.

(District Court, W. D. Washington, N. D. February 18, 1925. On Rehearing, March 18, 1925.)

### No. 6258.

1. **Judgment ⬥⟸795(1) — Washington statute satisfies judgment debt at expiration of period of limitation.**

Rem. Comp. Stat. Wash. §§ 459, 460, not only withdraws remedy to judgment creditor after six years, but satisfies his demand as fully as payment, and becomes part of contract of indebtedness and judgment. .

2. **Courts ⬥⟸366(13)—Construction placed on state statute of limitations by highest court of state is binding on federal court.**

Construction placed on Washington statute of limitations (Rem. Comp. Stat. Wash., §§ 459, 460), by highest court of state is binding on federal court.

### On Rehearing.

3. **Bankruptcy ⬥⟸196—Judgment creditor may enforce his lien against bankrupt's property.**

Under Bankruptcy Act, § 70a (Comp. St. § 9654), judgment creditor may enforce his lien against bankrupt's property, since such property vests in bankruptcy trustee, subject to all valid liens.

4. **Courts ⬥⟸363—Court of equity cannot repeal or set aside state law and apply property in its custody to nonexistent claims.**

Court of equity cannot repeal or set aside state law, which became part of contract and judgment, and apply property in its custody to nonexistent claims.

5. **Judgment ⬥⟸768(1), 772—Under Washington statutes, lien vests from date of judgment, or date of filing abstract thereof in county clerk's office.**

Under Rem. Comp. Stat. Wash. § 445, judgment lien vests from date of judgment, or of filing abstract thereof in county clerk's office.,

6. **Limitation of actions ⬥⟸110 — Judgment creditor held entitled to share in distribution after period of limitation expired, where proceeds of bankrupt's property were ready for distribution prior thereto.** .

Where judgment creditor's claim was allowed, and bankrupt's realty was sold, and proceeds were available for distribution before expiration of six-year limitation, under Rem. Comp. Stat. Wash. §§ 459, 460, held, that judgment creditor was entitled to share therein after expiration of such period, under rule that equity considers that as done which should have been done.

7. **Evidence ⬥⟸43(2)—From referee's certificate, court judicially knows claim was allowed for specified sum and was approved by court.**

From referee's certificate, court judicially knows that claim allowed therein was allowed for specified sum, and that thereafter claim was approved by court. .

In Bankruptcy. In the matter of Joseph Levinson, bankrupt. On trustee's objections to claim of Charles R. Brown and on motion to dismiss objections and demurrer thereto, motion to strike was denied, and demurrer overruled. On claimant's petition for rehearing. Petition granted.

See, also, 295 F. 144, 146, 736; 296 F. 598; 297 F. 490.

The history of this case appears in Re Levinson (D. C.) 295 F. 144, 146; Id. (D. C.) 297 F. 490; Id., 1 F. (2d) 851, and Greene v. Levinson, 123 Wash. 370, 212 P. 569. Concisely stated, the issue now presented is created by the objections of the trustee herein to the claim of Charles R. Brown, trustee, who secured a judgment in the state court on the 3d of December, 1918, against Joseph Levinson, on the ground that, under sections 459 and 460, Rem. C. S. of Wash., the claim has ceased to be a charge against the person or estate of the debtor. Charles R. Brown moves to strike the objections of the trustee, William A. Greene, on the ground that same are sham and frivolous, and, while made in the name of the trustee herein, are in truth made by Ray Levinson, wife of the bankrupt, and demurs to the sufficiency of the objections. Both issues are submitted.

Walter B. Allen, of Seattle, Wash., for trustee.

C. L. Henry, of Seattle, Wash., for claimant.

NETERER, District Judge. Section 459, Rem. C. S. of Wash. (section 282, Pierce's Code): "After * * * six years from the rendition of any judgment it shall cease to be a lien or charge against the estate or person of the judgment debtor."

Section 460, Rem. C. S. of Wash. (section 283, Pierce's Code): "No * * * proceedings shall ever be had on any * * * such judgment, claim or demand, * * * for any * * * longer period than six years from the date of the entry of the original judgment. * * * "

These sections have been held constitutional upon all contracts arising after their enactment in 1897. Kelleher v. Wells, 87 Wash. 323, 151 P. 823. The Supreme Court, in Long v. Smith, 125 Wash. 183 at 184, 215 P. 342, said:

"The statute * * * is not the ordinary statute of limitations. It provides that, after the expiration of six years from the rendition of a judgment, it shall cease to be a lien or charge against the estate or person

of the judgment debtor, and that no suit, or action or other proceedings shall ever be had by which the lien or duration of the judgment shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the judgment."

In that case garnishment proceedings were instituted prior to the expiration of six years, but not concluded prior thereto, and on motion, after the expiration of six years, the proceeding was dismissed.

[1] In this case no lien is claimed, but the section provides that, after six years, not only shall the judgment cease to be a lien against the estate, but it shall cease to be a charge against the person or his estate, and that no proceeding shall ever be had by which the duration of the judgment shall be extended. If the demand was satisfied on the 3d of December, 1924, by limitation, it ceased to be a charge, as is expressly stated by the act. The ordinary statute of limitations withholds a remedy, but this statute not only withholds a remedy, but satisfies or destroys the demand as fully as by payment. This statute became a part of the contract of indebtedness and judgment as fully as if set out therein.

In Hinckley v. Seattle, 37 Wash. 269, 270, 79 P. 779, the state Supreme Court said: "Judgment becomes inoperative for any purpose after the expiration" of six years; and in Long v. Smith, supra, "shall cease to be a *. * * charge."

[2] This statute having been so construed by the highest court of the state, the claim was extinguished by limitation as fully as if paid, and such holding is binding on this court. In re Crook (D. C.) 219 F. 979; Hills v. Joseph, 229 F. 865, 144 C. C. A. 147. See, also, Creditors' Collection Ass'n v. Bisbee, 80 Wash. 358, 141 P. 886, and Lemagie v. Acme Stamp Wks., 98 Wash. 34, 167 P. 60. Other cases cited and considered appear on the margin.[1]

---

[1] Cases cited by W. A. Greene, trustee, as objector: Brier v. Traders' Bank of Spokane, 24 Wash. 695, 64 P. 831; Packwood v. Briggs, 25 Wash. 530, 65 P. 846; Hardin v. Day, 29 Wash. 664, 70 P. 118; Hewitt v. Root, 31 Wash. 312, 71 P. 1021; Hinckley v. City of Seattle, 37 Wash. 269, 79 P. 779; Dalgardno v. Barthrop, 40 Wash. 191, 82 P. 285; Meikel v. Cloquet, 44 Wash. 513, 87 P. 841; Hemen v. Rinehart, 45 Wash. 1, 87 P. 953; Burman v. Douglas, 78 Wash. 394, 139 P. 41; Johnson v. Gt. Northern Lumber Co., 85 Wash. 16, 147 P. 641; Kelleher v. Wells, 87 Wash. 323, 151 P. 823; Seattle Brew'g & Malt'g Co. v. Donofrio, 59 Wash. 98, 109 P. 335; Long v. Smith, 125 Wash. 183, 215 P. 342; Probate Code, § 119;

Motion to strike is denied, and demurrer overruled.

On Rehearing.

Walter B. Allen, of Seattle, Wash., for trustee in bankruptcy.

Henry F. McClure, and C. L. Henry, both of Seattle, Wash., for trustee.

NETERER, District Judge. On petition on rehearing it is urged that the bankruptcy court, as a court of equity, will not enforce sections 459, 460, Rem. C. S. of Washington. Hansen v. Peter, 95 Wash. 628, 164 P. 512, L. R. A. 1918F, 682, is cited in support, and that it would be inequitable, since the claim was approved before the expiration of the limited period. Its status was fixed and unaffected by the statute, supra.

[3,4] It is sufficient to say that Hansen v.

---

In re Prescott, Fed. Cas.. No. 11,389; 23 Cyc. p. 1402; Simpson v. Tootle, etc., Co., 42 Okl. 275, 141 P. 448, L. R. A. 1915B, 1221; Shelby v. Guy, 11 Wheat. (24 U. S.) 361, 6 L. Ed. 495; McCluny v. Silliman, 3 Pet. (28 U. S.) 270, 7 L. Ed. 676; Green v. Neal, 6 Pet. (31 U. S.) 291, 8 L. Ed. 402; Ross v. Duval, 38 U. S. (13 Pet.) 45, 54, 10 L. Ed. 51; U. S. v. Wiley, 78 U. S. (11 Wall.) 508, 20 L. Ed. 211; Hanger v. Abbott, 6 Wall. (73 U. S.) 532, 18 L. Ed. 939; Rem. §§ 954, 956; First National Bank v. Aultman, 12 Am. Bankr. Rep. 12; In re Tucker (D. C.) 131 F. 647; In re Benedict Tea & Coffee Co. (D. C.) 192 F. 1011; In re Worth (D. C.) 130 F. 927; American Woolen Mills v. Samuelsohn, 226 N. Y. 61, 123 N. E. 154; Black on Bkptcy (3d Ed.) §§ 556, 566; Yeatman v. New Orleans Savings, 95 U. S. 764, 24 L. Ed. 589; Ward v. First National Bank, 202 F. 609, 120 C. C. A. 655; Courtney v. Fidelity Trust Co., 219 F. 57, 134 C. C. A. 595; Black on Bkptcy. § 364; Rem. on Bkptcy. (1923 Ed.) § 909; Maryman v. Dreyfus, 117 Ark. 17, 174 S. W. 549, 34 Am. Bankr. R. 637; McDermott v. Tolt Land Co., 101 Wash. 114, 172 P. 207; Siegfried v. New York, etc., R. Co., 50 Ohio St. 294, 34 N. E. 331; Kirby v. Lake Shore & M. S. Ry. Co., 120 U. S. 130, 7 S. Ct. 430, 30 L. Ed. 569; Merrill v. Town of Monticello (C. C.) 66 F. 165; Walker v. Peay, 22 Ark. 103; Null v. White Water Valley Canal Co., 4 Ind. 431; Bauserman v. Charlott, 46 Kan. 480, 26 P. 1051; Spokane County v. Prescott, 19 Wash. 425, 53 P. 661, 57 Am. St. Rep. 733; Palmer v. Palmer, 36 Mich. 487, 24 Am. Rep. 609.

Authorities cited on behalf of Chas. R. Brown, trustee, claimant: 2 Black on Bankruptcy (3d Ed.) § 516, p. 1080; City Sash & Door Co. v. Bunn, 90 Wash. 669, 156 P. 854, Ann. Cas. 1918B, 31; In re Eldridge, Fed. Cas. No. 4,331; In re Maybin, Fed. Cas. No. 9,337; Nicholas v. Murray, Fed. Cas. No. 10,223; Wright Case, Fed. Cas. No. 18,068; Minot v. Thacher, 7 Metc. (Mass.) 348, 41 Am. Dec. 444; B. W. J. Wofford, Adm'r, v. Philip & Mary Unger, 53 Tex. 634; In re Graves (D. C.) 9 F. 816; In re McKinney, Bkpt. (D. C.) 15 F. 912.

Peter, supra, has no application, since no act of the trustee or of the bankrupt prevented Brown, trustee, the judgment creditor, from enforcing a lien against the property of the bankrupt. This he had a right to do, since the title of the bankrupt vested in the trustee, subject to all valid liens. It is assumed from the statements at bar that a valid lien existed. Nor can a court of equity repeal or set aside the law of the state, which became a part of the contract and judgment, and apply property in its custody to a nonexistent claim, and unless the conduct of the parties, the condition and status of the property and estate, including the lien claim of Brown, trustee, created a relation which took the fund out of the operation of sections. 459, 460, supra, and created a new status, the conclusion announced is inevitable.

[5] Upon adjudication the bankrupt's estate passed to the trustee (Bankruptcy Act, § 70a [Comp. St. § 9654]; Collier [13th Ed.] 1639), subject to valid liens. Under the laws of Washington the lien vested from the date of the rendition of the judgment, or date of filing abstract thereof in the office of the county clerk. Section 445, Rem. C. S. See, also, Greene v. Levinson, 123 Wash. 370, 212 P. 569.

[6, 7] Since filing the petition for rehearing the referee, at the court's request, certified the status of the claim and of the bankrupt estate. From such certificate the court judicially knows that the claim of Charles R. Brown, trustee, was allowed by the referee August 6, 1923, in the sum of $29,590.68, and thereafter the claim was approved by this court. I understand that prior to September 1, 1924, the trustee sold real property of the bankrupt estate and received therefor $130,650, and on said date had in his possession a sum in excess thereof. The trustee sold the land free of incumbrance. To sell during the life of the lien claim gave to the fund a new status, and the relation of the trustee and cestui que trust between the trustee and Charles R. Brown, trustee, as to the money, continued (Ludowici C. Co. v. P. L. & T. Co. [C. C. A.] 2 Bankr. Rep. [N. S.] 349, 273 F. 1009), to the execution of which trust the bankrupt, or his spouse, having a community interest, may not object.

The fund in issue was available for distribution prior to September 1, 1924. It was the duty of the trustee to "collect and reduce to money the property of the estate" (section 47, Bankruptcy Act [Comp. St. § 9631]), and within 30 days pay dividends if 5 per cent. was available after priority claims had been paid, and thereafter as often as 10 per cent. or more could be paid (section 65, Bankruptcy Act [Comp. St. § 9649]).

It is primer law that equity considers that as done which in good conscience should have been done. It is apparent that, even though a "judgment becomes inoperative for any purpose after the expiration of six years," the act of the trustee with relation to the said bankrupt property was fully executed prior to the expiration of six years from the date of the judgment, with the exception of the distribution of the fund, and the distribution could and should have been made, and equity should now so decree.

The petition on rehearing is granted.