# C. E. MAXWELL v. DAN PAPPAS AND OTHERS.[1]

December 30, 1927.

No. 26,409.

**Allowance of claim against bankrupt's estate by referee not a judgment or decree within § 9190.**

The allowance of a claim by a referee in bankruptcy is not "a judgment or decree of a court of the United States" within G. S. 1923, § 9190, limiting the time within which an action may be brought to ten years "after the entry of such judgment."

Judgments, 34 C. J. p. 1087 n. 85.

Plaintiff appealed from an order of the municipal court of Minneapolis, Carroll, J. sustaining a demurrer to his complaint. Affirmed.

*Grimes & Maxwell,* for appellant.

*Selover & Mansfield,* for respondents.

DIBELL, J.

On January 1, 1917, and February 1, 1917, rent accrued from the defendants to the Tabour Realty Company. It was proved and allowed in bankruptcy and assigned to the plaintiff. Suit was brought, the defendants demurred to the complaint, and the demurrer was sustained. The plaintiff appeals. The only question is whether the action is barred by the statute of limitations.

On February 23, 1917, the defendants were adjudged bankrupts. The Tabour Realty Company presented its claim for the rent and it was allowed by the referee in bankruptcy on March 12, 1917. No dividend was ever paid, there are no assets, the defendants did not file a petition for a discharge, and the time for doing so is long past. This action was brought on March 9, 1927, three days prior to the expiration of ten years from the allowance of the claim in bankruptcy. The plaintiff does not claim that he can recover upon the theory that the pendency of the bankruptcy tolled the statute

[1] Reported in 217 N. W. 126.

of limitations. His clear cut position is that the allowance of the claim by the referee in bankruptcy is a judgment within the portion of our statute of limitations which reads as follows:

"No action shall be maintained upon a judgment or decree of a court of the United States, or of any state or territory thereof, unless begun within ten years after the entry of such judgment." G. S. 1923, § 9190.

The construction of this statute determines the result. There are many cases holding that the determination by a referee in bankruptcy upon a matter committed to him by the bankruptcy act is res judicata, reviewable as provided by the act but not subject to collateral attack. We cite a few of the cases declaring the rule and illustrating various applications. Clendening v. Red River Valley Nat. Bank, 12 N. D. 51, 94 N. W. 901; Hargadine-McKittrick Dry Goods Co. v. Hudson (C. C. A.) 122 F. 232; Elmore, Quillian & Co. v. Henderson-M. Merc. Co. 179 Ala. 548, 60 So. 820, 43 L.R.A. (N.S.) 950; DeWatteville v. Sims, 44 Okl. 708, 146 P. 224; In re Davidson (D. C.) 211 F. 687; Ullman, Stern & Krausse v. Coppard (C. C. A.) 246 F. 124. And see 11 USCA, § 93, subd. (d), n. 6.

Because the quality of res adjudicata attaches to a referee's allowance of a claim, it does not follow that his determination is a judgment within the statute of limitations. Our view is that such an adjudication is not "a judgment or decree of a court of the United States" within our statute. This view finds support in American Woolen Co. v. Samuelsohn, 226 N. Y. 61, 123 N. E. 154, and Maryman v. Dreyfus, 117 Ark. 17, 174 S. W. 549. We do not minimize the force of the plaintiff's argument based upon the character of the determination of the referee. In our view, however, the referee's determination is not a judgment or decree within the statute.

Order affirmed.