[No. 23096. Department One. July 15, 1931.]

C. D. HILLMAN, *Respondent,* v. CECIL V. GRAY, *Appellant,* W. H. PERRY *et al., Defendants.*[1]

[1]Reported in 1 P. (2d) 318.

*Oscar G. Heaton,* for appellant.

*Fred C. Brown,* for respondent.

MAIN, J.—At the time this action was instituted, the plaintiff C. D. Hillman paid into the registry of the court the sum of $2,121.46, and asked the court to determine the proportionate share thereof to which each of the defendants W. H. Perry, Cecil V. Gray, and Cascade Lumber & Shingle Co., a corporation, were entitled. A hearing was had, which resulted in a judgment to the effect that Gray had no right, title or interest to any part of the fund; that Cascade Lumber & Shingle Co. was entitled to $359.80; and that the balance should go to Perry or his attorney. From this judgment, Gray appeals.

October 7, 1921, Gray obtained a judgment against Perry in the sum of $760.90. September 2, 1927, in an action by Perry then pending against the respondent Hillman, Gray caused a garnishment to be issued and served, and on the date mentioned a contingent judgment for the amount of the judgment which Gray had against Perry was entered against Hillman. The contingency of the judgment was that it should depend upon a final judgment being entered against Hillman in the action against him by Perry. Final judgment in the latter action was entered March 14, 1928. From this judgment, an appeal was taken, the judgment being affirmed *(Perry v. Hillman,* 153 Wash. 689, 280 Pac. 346), and, after the going down of the remittitur, and on April 24, 1930, Hillman made a motion to set aside any further proceedings on the contingent judgment. After a hearing, an order denying the motion was entered. July 30, 1930, and after the denial of the motion to quash and set aside the contingent judgment, Hillman brought the present action for the purpose

above stated, and with the result, as already pointed out, that Gray was denied any part of the fund.

From the facts stated, it appears that, at the time the judgment in favor of Perry and against Hillman was entered, more than six years had elapsed since the entry of the judgment in the case of Gray v. Perry. Inquiry must first be directed to whether a judgment more than six years old will sustain a garnishment proceeding, the writ having been issued and the contingent judgment entered prior to the expiration of that time.

Section 459, Rem. Comp. Stat., provides that, after the expiration of six years from the rendition of any judgment, it shall cease to be "a lien or charge against the estate or person of the judgment debtor."

Section 460 provides that no suit, action or other proceedings shall ever be had on any judgment rendered in this state by which

". . . the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment."

Construing those two sections of the statute, it has been held that, after the expiration of six years, a judgment has ceased to have any vitality, and is of no force and effect. *Johnson v. Great Northern Lumber Co.*, 85 Wash. 16, 147 Pac. 641; *Ball v. Bussell*, 119 Wash. 206, 205 Pac. 423; *Roche v. McDonald*, 136 Wash. 322, 239 Pac. 1015, 44 A. L. R. 444.

It has also been held that a judgment more than six years old will not sustain a garnishment proceeding, because that is not an original or independent action, but is ancillary to the original cause from which its existence comes. With the dismissal or termination of the original action, the garnishment proceeding immediately fails. In *State ex rel. Pioneer Mining & Ditch*

*Co. v. Superior Court,* 108 Wash. 183, 183 Pac. 74, it was said:

"So that a garnishment proceeding is in no sense an original or independent action, but is ancillary to the original cause from and through which its existence comes. *Kelly v. Ryan,* 8 Wash. 536, 36 Pac. 478. And with the dismissal or termination of the original action in favor of the defendant therein, the garnishment proceeding must immediately die."

The cases of *State ex rel. Tatum v. Fitzhenry,* 48 Wash. 130, 92 Pac. 898, and *Long v. Smith,* 125 Wash. 183, 215 Pac. 342, are to the same effect.

In the present case, the judgment against Perry, which Gray had obtained in 1921, having expired by the six-year limitation, it would no longer support the garnishment proceeding, and that proceeding must necessarily fail.

It is said, however, that, inasmuch as Hillman moved to quash and set aside the contingent judgment, and an order was entered denying the motion, from which no appeal was taken, he is not now in a position to question that judgment. After the order overruling the motion was entered, as above stated, the present action was instituted, into which were brought the three parties claiming the right to the fund which Hillman had paid into the registry of the court, and which was the amount of the judgment, together with interest and costs, in the case of *Perry v. Hillman.* In the present action, the three claimants to the fund litigated their rights thereto, and it was determined that Gray had no interest in the fund, and that it should be divided between the other two. Hillman having paid the judgment, and the parties having litigated their rights thereto, it does not seem that he should now be called upon to again pay a part of the judgment to Gray. Before the court would be justified in so hold-

410

ing, the law should make such a determination mandatory. Under the facts of this case, we are of the opinion that the law does not require that Hillman pay a portion of the judgment a second time. Neither Perry nor the Cascade Lumber & Shingle Co. were parties to the hearing on the motion, and, consequently, they were not bound thereby. All parties interested were, for the first time, brought into court when the present action was instituted. In our opinion, the trial court correctly determined the matter.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and HOLCOMB, JJ., concur.

