**UNITED STATES of America,**
**Appellant,**

v.

**TACOMA GRAVEL AND SUPPLY CO.,**
**Inc., et al., Appellees.**

**No. 20218.**

United States Court of Appeals
Ninth Circuit.

Jan. 25, 1967.

Rehearing Denied April 3, 1967.

John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Florence Wagman Roisman, Atty., Dept. of Justice, Washington, D. C., William N. Goodwin, U. S. Atty., Dale L. Carlisle, Asst. U. S. Atty., Tacoma, Wash., for appellant.

James E. O'Hern, Warren J. Dahiem, of Blair, Thomas, Nicks, O'Hern & Hokanson, Tacoma, Wash., for appellees.

Before BARNES, KOELSCH and BROWNING, Circuit Judges.

KOELSCH, Circuit Judge.

In 1953 the Reconstruction Finance Corporation, predecessor to the Small Business Administration, an agency of plaintiff United States of America, obtained a deficiency judgment against respondents in a superior court of the State of Washington. Ten years later, the United States brought this action in a federal district court to renew the Washington judgment. On cross-motions the district court rendered summary judgment for respondents. This appeal followed.

Jurisdiction below was based on 28 U.S.C. § 1345. This court has jurisdiction under 28 U.S.C. § 1291.

The district court rested decision on the ground that the United States, having voluntarily put itself into the state forum in order to have the benefit of a state judgment, was on no better footing than any other litigant availing itself of the state judicial processes. Accordingly, the United States was denied relief because under R.C.W. 4.56.210 a Washington state judgment is not renewable more than six years after it has been entered.

R.C.W. 4.56.210 provides:

"After the expiration of six years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor, and no suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment, except as in R.C.W. 4.56.225 provided."

Appellant argues that this is a statute of limitations and "[i]t is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights." United States v. Summerlin, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940); United States v. Nashville, C. & St. L. Ry. Co., 118 U.S. 120, 125, 6 S.Ct. 1006, 30 L.Ed. 81 (1886).

However, in interpreting this statute the decisions of the Washington State Supreme Court are controlling. In re Levinson, 5 F.2d 75 (D.C.Wash.1925). That court has consistently held that this is a statute not of limitations but of extinguishment; after six years a Washington judgment has no further force or effect—it ceases to exist. Bettman v. Cowley, 19 Wash. 207, 53 P. 53, 40 L.R.A. 815 (1898); Palmer v. Laberee, 23 Wash. 409, 63 P. 216 (1900); Ball v. Bussell, 119 Wash. 206, 205 P. 423 (1922); Roche v. McDonald, 136 Wash. 322, 239 P. 1015, 44 A.L.R. 444 (1925), rev'd on other grounds, 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365 (1928); St. Ger-

main v. St. Germain, 22 Wash.2d 744, 157 P.2d 981 (1945).

■ "This statute * * * is not a mere statute of limitation * * *." Roche v. McDonald, supra, 136 Wash. at 326, 239 P. at 1016. "It goes directly to the obligation [of the judgment] itself, and destroys it." Palmer v. Laberee, supra, at 415, 63 P. at 218. Consequently, the "judgment becomes inoperative for any purpose after the expiration" of six years. Hinckley v. Seattle, 37 Wash. 269, 270, 79 P. 779 (1905).

■ We are convinced that this statute operates against the United States equally with private creditors. In Custer v. McCutcheon, 283 U.S. 514, 51 S.Ct. 530, 75 L.Ed. 1239 (1913), the Court had under consideration a state statute fixing a five year limit on the time within which execution must issue on a judgment. The rationale implicit in the Court's opinion is: execution is a state granted right; a state can control by condition what it grants; the time element is a valid condition inherent in the right of execution; the right terminates upon expiration of the time so limited; this consequence attaches even though the judgment is in favor of the United States.

The Court was careful to note that "[t]he time limited for issuing executions is, strictly speaking, not a statute of limitations." 283 U.S. at 519, 51 S.Ct. at 532. Rather the lapse of more than five years from the date of entry of the judgment served to extinguish the government's right to execution altogether.

■■ So here the United States, having elected to pursue this claim in a court of the State of Washington, could obtain no more than what that state provides in the way of a judgment. R.C.W. 4.56.210 is as much a part of a Washington judgment as if fully incorporated therein. In re Levinson, 5 F.2d 75 (1925). Thus, since ten years have elapsed, appellant's judgment is not merely dormant, it is dead. Appellant has no judgment left to renew.

■

We note in passing that this case is readily distinguishable from United States v. Summerlin, 310 U.S. 414, 60 S. Ct. 1019, 84 L.Ed. 1283 (1940), where the Supreme Court ruled that no state can invalidate a claim of the United States. Here we are concerned only with a judgment of the State of Washington. We do not decide whether R.C.W. 4.56.210 also operates to cut off the claim underlying that judgment.

Affirmed.